GUSSIE LICHTENSTEIN and Others, Plaintiffs, *v.* GROSSMAN CON-STRUCTION CORPORATION and Others, Defendants, GLOBE TILE Co., INC., and Another, Appellants, Respondents, SAMUEL MALEFSKY and Another, Copartners Doing Business under the Firm Name and Style of S. MALEFSKY & SON, Respondents, Appellants.

Second Department, October 28, 1927.

Mortgages — foreclosure — surplus money proceedings — referee has power to determine rights of lienors — mechanics' liens — work done on two buildings — liens covered both buildings — lienor can have lien to extent only of value of labor and material actually put into building on which mortgage foreclosure resulted in surplus.

In surplus money proceedings in an action to foreclose a mortgage, the referee has jurisdiction to pass upon the rights of all lienors who were such at the time of the commencement of the foreclosure proceedings and subsequent to the

recording of the mortgage and who are certified to him as having presented claims to the surplus.

A notice of lien is sufficient as against a corporation which states that the lienor was employed by a named person " president of Grossman Construction Corp." and that the contract was made with the same person and the materials furnished to the same person.

The liens in question were filed against two buildings which were erected under one contract. In proceedings to foreclose mortgages on both buildings, a deficiency arose as to one building and a surplus as to the other building. The liens covering both buildings having been cut off as to one, as to which a deficiency arose, the liens on the remaining building were effective to the extent only of the value of the labor and material that were actually put into that building.

APPEAL by Globe Tile Co., Inc., and another from so much of an order of the City Court of the City of New York, entered in the office of the clerk of the county of Kings on the 15th day of February, 1927, as confirms the report of the referee in so far as it limits the payment to be made to the Globe Tile Co., Inc., and the Grand Marble Works, Inc., to the sum of $500, with interest, and $2,071, with interest, respectively, and in so far as it directs the payment to S. Malefsky & Son of all moneys remaining in the hands of the city chamberlain to the credit of this action.

Appeal by J. Rose & Co., Inc., from so much of said order as directs the chamberlain of the city of New York to pay to J. Rose & Co., Inc., the sum of $578, with interest, and in so far as it fails to order the chamberlain to pay to it the full sum of $1,000, with interest, and also from so much of said order as directs the chamberlain of the city of New York to pay to the defendant S. Malefsky & Son the money remaining in their hands to the credit of this action.

Appeal by Samuel Malefsky and another from said order in so far as it fails to modify the report of the referee by directing that the claims of the defendants Globe Tile Co., Inc., and others be disallowed and that their claim be allowed in full.

*Clarence G. Bachrach,* for the Globe Tile Co., Inc., and Grand Marble Works, Inc.

*Bertram Sommer,* for J. Rose & Co., Inc.

*S. A. Morrison,* for S. Malefsky & Son.

HAGARTY, J. The proceeding before the referee involved the distribution of surplus moneys arising on a foreclosure of a mortgage on real property situated at the northeast corner of Vernon avenue and Nostrand avenue, in the borough of Brooklyn, city of New York, consisting of a plot of land 74 feet 6 inches on Vernon avenue and 100 feet on each side. The premises are part of a plot of

land 155 feet on Vernon avenue and 100 feet in depth on each side, owned by the defendant Grossman Construction Corporation, which erected upon the larger plot two buildings. Each of the buildings was incumbered by first and second mortgages. Both the second mortgages were foreclosed. The foreclosure of the corner building resulted in a surplus of $6,254.30, the subject matter of this proceeding. The foreclosure of the inside building resulted in a deficiency.

Upon the hearing the question was raised as to the rights of the various mechanic's lienors to have their claims passed upon in this proceeding in view of the provisions of section 41, article 3, of the Lien Law, which, it was contended, necessitated the bringing of an action in a court having jurisdiction over the subject-matter, and that the amount due be determined before the claim could be presented in these proceedings. My opinion is that the learned referee was correct in holding that he had jurisdiction to pass upon the rights of all lienors who were such at the time of the commencement of the foreclosure proceedings and subsequent to the recording of the mortgage and who were certified to him as having presented claims to the surplus. (*Davison* v. *MacDonald,* 124 Misc. 726; *Livingston* v. *Mildrum,* 19 N. Y. 440.)

The sufficiency of the Malefsky lien was questioned. The referee held it to be sufficient in form. The Lien Law, section 9, requires that the name of the person by whom the lienor was employed or to whom he furnished materials must be specified in the lien. The notice in question contains the statements:

" The name of the person by whom the lienor was employed is Morris Margowitz, president of Grossman Construction Corp.

" The name of the person to whom he (we) (it) furnished or is (are) to furnish materials is Morris Margowitz, president of Grossman Construction Corp.

" The name of the person with whom the contract was made is Morris Margowitz, president of Grossman Construction Corp."

This is a sufficient compliance with the statute. The lienors have named the defendant Grossman Construction Corporation, but in effect the lien states that the contract was made with the president of that corporation, whose name appears. Even if this were error, it might well be disregarded since there is not a total failure of compliance with the requirements of the statute in this respect. (*Mahley* v. *German Bank,* 174 N. Y. 499.)

There remains for determination but one question of law, and that is whether or not a mechanic's lien, filed against two buildings erected under one contract, when cut off as to one building, is a

34

lien on the remaining building to the extent of the value of the labor and material that went into both buildings, where there are conflicting liens.

The work done by all the lienors was on both buildings. The claim of S. Malefsky & Son, however, is confined to the balance due for labor and material put into the building on the corner plot alone. The claim of the three lienors prior to S. Malefsky & Son is that they have the right to receive the amounts due under their respective liens from either or both houses affected by their liens. In other words, they claim that they have the right to receive the full amount of their respective liens out of the surplus fund that resulted from the sale on foreclosure of the corner house, since there was a deficiency in the foreclosure of the mortgage upon the adjoining property. In my opinion the learned referee was right in holding that as to Malefsky & Son, since the prior liens covering both buildings were cut off as to one, the liens on the remaining building were to the extent only of the value of the labor and material that were actually put into that building. The contrary view is supported by the early cases of *Livingston* v. *Miller* (16 Abb. Pr. 371); *Livingston* v. *Mildrum* (19 N. Y. 440) and *McAuley* v. *Mildrum* (1 Daly, 396). All of these cases, however, were decided prior to the amendment of the Lien Law by chapter 500 of the Laws of 1863, section 3, which added the following: " In case of several buildings done under one contract, in conflicting liens, each shall have priority on the particular building where his labor is performed or his material used." * This amendment took effect on the 1st day of July, 1863, shortly after the decision in *Livingston* v. *Miller* (*supra*). The senior lienors attempt to avoid the results of the amendment by arguing that the amendment relates only to the claims of lienors claiming under a general contractor, the argument being that the term " under one contract " applies to the contract of a general contractor, and " conflicting liens " to claimants under the general contractor for the same material. In my opinion, this is a strained construction. The cases prior to the amendment held that under such circumstances as these the claims of the prior lienors would have to be paid in full. In construing the statute, we are justified in assuming that it was intended by the Legislature to change the law then existing, the last pronouncement on which is found in *Livingston* v. *Miller* (*supra*). The opinion in that case is very short, and reads as follows: " The contract for supplying marble was one contract. Having filed his lien in time to secure six houses only, the Common Pleas gave judg-

---

* See Lien Law, § 13, as amd. by Laws of 1916, chap. 507.— [REP.

ment for six-sevenths of his claim. But the lien having once applied, the claimant is entitled to be paid out of all or any of the six houses." The holding, therefore, was that where a mechanic's lien for materials furnished for the erection of several houses, supplied under a contract for a sum in gross, has attached, the lienholder is entitled to be paid out of all or any of the houses. Presiding Justice SUTHERLAND, however, dissented, with an opinion in which he also referred to the claimant as having furnished materials under " one contract." Therefore, I take it, we must assume that the purpose of the amendment was to change the law where claimants furnish materials for several houses under one contract. The term " conflicting liens " necessarily includes the question of seniority and cannot be limited to conflicting claims for the same material furnished.

The balance proved to be due the Globe Tile Co., Inc., was $2,701, and the balance due the Grand Marble Works, Inc., was the sum of $1,000. The referee, however, while correctly stating the amount of the respective liens at the beginning of his report, at the conclusion thereof, while apportioning the amounts between the two buildings, has inadvertently transposed these two claimants, granting the larger amount to the Grand Marble Works, Inc., and the smaller amount to the Globe Tile Co., Inc., contrary to the facts. This is an obvious error and the report must be modified to the extent of crediting each of the two claimants with the correct amount.

The order of the City Court of the city of New York for the county of Kings should be modified by awarding to the claimant Globe Tile Co., Inc., the sum of $2,701, and to the claimant Grand Marble Works, Inc., the sum of $500, instead of the amounts allowed them respectively by the referee, and as so modified the order should be affirmed, without costs.

YOUNG, KAPPER and LAZANSKY, JJ., concur.

The parties having stipulated in writing that this case may be decided by a court of four justices, the decision is as follows:

Order of the City Court of the city of New York, county of Kings, confirming report of referee appointed pursuant to order of the County Court of Kings county, dated February 10, 1926, modified in accordance with opinion, and as so modified affirmed, without costs. Settle order on notice.