■ COUNTY TRUST COMPANY, Respondent, v. MARMAN DEVELOPMENT CORPORATION et al., Defendants, and HAROLD ODELL et al., Copartners Doing Business under the Name of C. & H. ODELL, et al., Appellants.— In surplus money proceedings, claimants Odell, mechanic's lien creditors, and claimant Geiger Lumber & Supply Co., Inc., a judgment lien creditor, appeal from an order of the Supreme Court, Rockland County, dated October 13, 1959, which confirmed the Referee's report, dated September 8, 1959, and which directed distribution of the surplus moneys in accordance with such report. In the report the Referee concluded that, for the deficiency of $4,628.03 due to plaintiff mortgagee as a result of the foreclosure of its mortgages upon two parcels and the sale

of such parcels in two separate foreclosure actions, plaintiff has a lien superior to the lien of said claimants upon the surplus moneys of $4,340.47 arising on plaintiff's foreclosure of its mortgages upon six other parcels and the sale. of such parcels in six separate foreclosure actions. The Referee recommended the distribution of the surplus moneys accordingly. All of said mortgages were given pursuant to a building loan agreement between plaintiff and the builder, defendant Marman Development Corporation. Order modified on the law: (1) by adding a decretal provision declaring the liens of said claimants to be superior to the lien of the plaintiff mortgagee upon said surplus moneys; (2) by amending the first decretal paragraph so as to provide that the Referee's report insofar as it makes a contrary determination, is disaffirmed and rejected; .and (3) by amending accordingly the second, fourth and fifth decretal paragraphs. As so modified, the order is affirmed, with costs. The findings of fact are affirmed. For a lien to attach to surplus money, it must have existed upon the particular parcel of land out of which the surplus arose. " Thus, where two mortgages upon two distinct parcels of land are foreclosed simultaneously, and on the sale of one a deficiency arises, while on the sale of the other there is a surplus, the surplus cannot be applied to the deficiency unless a deficiency judgment be entered" (15 Carmody-Wait, New York ,Practice, § 442, p. 596, citing *Lichtenstein* v. *Grossman Constr. Corp.,* 221 App. Div. 527, mod. 248 N. Y. 390; *Fancher* v. *Bonfils,* 44 App. Div. 637; *Bridgen* v. *Carhartt,* Hopk. Ch. 234; and see 59 C. J. S., Mortgages, §§ 799, 800, pp. 1526, 1529). Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur. Settle order on five days' notice.