■ ROSE KING, Respondent, v. JOSEPH PELKOFSKI et al., Defendants. LONG ISLAND NATIONAL BANK, Appellant.— In a surplus money proceeding, the appeal is by a judgment creditor of defendant Joseph B. Pelkofski, the mortgagor, from an order of the Supreme Court, Suffolk County, dated May 28, 1969, which granted plaintiff's motion to confirm the reports of a Referee, denied appellant's motion to disaffirm the Referee's supplemental report, and directed payment of the surplus moneys to plaintiff, after payment therefrom of the Referee's fee and disbursements and the fees of the Treasurer of Suffolk County. On June 5, 1969 this court made an order granting in part appellant's motion to stay distribution of the surplus moneys, i.e., to the extent of directing that $1,500 thereof be reserved by said treasurer. Order modified, on the law and the facts, by (1) inserting in the first decretal paragraph, immediately after the words that plaintiff's motion to confirm the Referee's reports "is in all respects granted", the following: " except with respect to the claim of the Long Island National Bank upon the surplus moneys, for its judgment against defendant Joseph B. Pelkofski in the amount of $1,164.65, with interest, which claim is hereby adjudged to have priority over plaintiff's lien"; (2) striking from the second decretal paragraph the word " denied" and substituting therefor the following: "granted to the extent of adjudging that said claim of the Long Island National Bank is granted said priority over plaintiff's lien "; (3) inserting in the third decretal paragraph, immediately after the words that the Referee's reports are " confirmed", the following: " except as hereinabove adjudged; " and (4) inserting in the fourth decretal paragraph, immediately above subparagraph " 3 " thereof, which directs the Treasurer of Suffolk County to pay the balance of the surplus moneys to plaintiff, the following: " 2-a. That he pay the amount owing to the Long Island National Bank, the amount of its claim, $1,164.65, with interest thereon from October 9, 1967." As so modified, order affirmed, without costs. The lien of appellant was a valid lien in the surplus money proceeding since it was docketed prior to delivery of the Referee's deed (*Warwick Sav. Bank* v. *Long Is. Chap. K. of C. Social Serv.*, 253 App. Div. 276). The equitable lien of respondent was based on a theory of subrogation and it was for that portion of her $75,000 loan to defendant Joseph Pelkofski which, although secured by an invalid mortgage, was used by Pelkofski (the mortgagor) and his wife to discharge senior liens and taxes, etc. Respondent's lien was fixed by the Court of Appeals in its decision upon a prior appeal in this case (*King* v. *Pelkofski*, 20 N Y 2d 326) and was recovered by respondent out of the proceeds of the foreclosure sale; and that decision became *res judicata* as to all the issues in the case (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94). Since the appellant bank had the only lien with respect to the surplus moneys and since respondent (mortgagee) had no legal or equitable lien with respect to that portion of the proceeds of the original loan which was retained by the mortgagor, Pelkofski, the appellant

bank is entitled to have its lien satisfied out of the surplus moneys. Christ, P. J., Rabin, Martuscello, Brennan and Benjamin, JJ., concur.