TUPPER LAKE NATIONAL BANK, Plaintiff, v EDWARD MAGEDSON
et al., Defendants, ALBERT VANDERVEER, Respondent, and
BRIGGS, DWYER AND SMITH, P. C., Appellant.

Third Department, February 4, 1993

## APPEARANCES OF COUNSEL

*Briggs, Dwyer & Smith, P. C.,* Lake Placid *(Matthew H. Dwyer* of counsel), for appellant.

*Hopkins & Higgins,* Lake Placid *(Louis H. Higgins* of counsel), for respondent.

## OPINION OF THE COURT

MAHONEY, J.

At issue in this appeal is whether the claims of three judgment lien creditors to the surplus moneys resulting from a foreclosure sale were properly prioritized. The facts are clear and easily stated. In January 1989, plaintiff lent money to defendants Edward Magedson and Leonard Kraft and took a mortgage on certain realty in Franklin County as security for the debt. In May 1990, foreclosure proceedings were commenced. The mortgaged property was ultimately sold to satisfy the debt and on December 21, 1990 a Referee's deed was issued to the new purchasers. After satisfaction of the mortgage, there remained a $23,559.21 surplus. The matter was then referred to a Referee for a hearing on disposition of the surplus money.

Three judgment lien creditors filed notices of claim to the surplus moneys: defendant Albert Vanderveer, whose $16,301.83 judgment originally was docketed on January 16, 1990; defendant Bruce Nason, whose $649.48 judgment was docketed on January 19, 1990; and the law firm of defendant Briggs, Dwyer and Smith, P. C. (hereinafter Briggs), which docketed a $17,232.08 judgment on April 25, 1990 and a $22,496.58 judgment on November 2, 1990. Of particular importance is the status of the Vanderveer judgment which, originally at least, was filed before the others and thus was senior to them as regards entitlement to the surplus moneys *(see, e.g., First Fed. Sav. & Loan Assn. v Brown,* 78 AD2d 119, 123). This judgment was a default judgment. By order entered October 19, 1990, Supreme Court vacated the default due to irregularities in the notice procedure. Following vacatur, Vanderveer successfully obtained summary judgment against Magedson and Kraft on the $16,301.83 claim. This order was entered on December 28, 1990. While unclear why, but evidently in an attempt to restore his judgment lien to the most senior position for purposes of entitlement to the surplus moneys, in July 1991 Vanderveer applied to Supreme Court to have the October 19, 1990 order vacated. Supreme Court

granted this relief without explanation and an order to that effect was entered on July 22, 1991. No appeal was taken from this order.

The surplus money hearing was held in October 1991. Following the hearing, the Referee concluded that Supreme Court's July 22, 1991 order restored Vanderveer's January 16, 1990 judgment and left him in the position of senior lienor. Accordingly, the Referee prioritized payment of the $23,559.21 surplus first to Vanderveer ($16,301.83), then to Nason ($649.48) and the balance, if any, to Briggs. Vanderveer then moved to confirm the Referee's report. Briggs cross-moved to reverse the priority determination, claiming that the Referee erred in concluding that Vanderveer's lien was restored to its superior position as a result of the July 22, 1991 order. Supreme Court granted Vanderveer's motion and confirmed the report. Briggs appeals.

We reverse. It is well established that once a docketed judgment is unconditionally vacated, all liens arising therefrom are extinguished (see, Mansfield State Bank v Cohn, 58 NY2d 179, 182).* The subsequent filing of any reinstatement of the vacated judgment operates only to reinstate it and all liens arising therefrom as of the date of refiling; it does not effect a nunc pro tunc revival of the judgment lien as of the date it originally was docketed (supra). Application of those principles here results in the conclusion that Vanderveer's lien, while initially first in time, lost its superior status as a result of entry and filing of the October 19, 1990 unconditional vacatur of the January 16, 1990 default judgment. The fact that the October 19, 1990 vacatur order was itself subsequently vacated by order entered July 22, 1991 did not retroactively restore the judgment lien to its former superior status, but operated only to reinstate it as of the date the order reinstating the original judgment was docketed, in this case July 22, 1991. Accordingly, the proper priority of docketing amongst these creditors is: Nason (January 19, 1990 [$649.48]), Briggs (April 25, 1990 [$17,232.08]), Briggs (November 2, 1990 [$22,496.58]) and Vanderveer (December 28, 1990 and July 22, 1991 [$16,301.83]).

---

* In cases involving default judgments, courts have discretion to place certain conditions upon their vacatur (CPLR 5015 [a]). One such condition is that the judgment be left in full force as a lien or collateral security (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:4, at 465). In such situations the lien remains valid notwithstanding the vacatur of the default. While this option was technically available here, it was not employed.

Moreover, while perhaps academic inasmuch as there is not enough surplus money to satisfy all of Briggs' claims or any of Vanderveer's, it is nonetheless worth noting that not only has Vanderveer's judgment lost its priority by virtue of the foregoing sequence of events, it has also lost its status as a lien that can be satisfied out of the surplus moneys from the foreclosure sale. Only judgments docketed on realty *prior* to delivery of the Referee's deed are liens on realty that pass to surplus money *(see, e.g., Nutt v Cuming,* 155 NY 309, 312-313; *First Fed. Sav. & Loan Assn. v Brown,* 78 AD2d 119, 123, *supra; King v Pelkofski,* 34 AD2d 795). Here, the Referee's deed was delivered to the foreclosure sale purchasers on December 21, 1990. Vanderveer's lien was docketed on December 28, 1990 and again on July 22, 1991. Both dates are well after delivery of the deed.

MIKOLL, J. P., YESAWICH JR., CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, motion denied, cross motion granted and claims of the creditors to the surplus moneys arising from the foreclosure sale are reprioritized in accordance with this Court's decision.