■ FRIESCH-GRONINGSCHE HYPOTHEEKBANK, Also Known as REALTY CREDIT CORPORATION, Appellant, v 349 OPERATING CORP., Respondent, et al., Defendants. [666 NYS2d 163] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered October 18, 1996, which denied plaintiff's motion to compel the Referee to conduct a hearing to determine plaintiff's rights with respect to surplus monies derived from a mortgage foreclosure sale, and granted defendant 349 Operating Corp.'s ("349 Corp.") cross motion to confirm the Referee's amended report and direct that the surplus monies be released and distributed to 349 Corp., unanimously affirmed, with costs.

Plaintiff's judgment against the individual defendant, Paul Esteva, which emanated from a deficiency in a separate and distinct foreclosure action, was not docketed prior to the delivery of the Referee's deed in the instant foreclosure action, and therefore does not constitute a lien enforceable against the surplus money realized in this proceeding (*see, Tupper Lake Natl. Bank v Magedson*, 187 AD2d 147, 150; *County Trust Co. v Marman Dev. Corp.*, 10 AD2d 1003). In any event, plaintiff's judgment is against the individual defendant Mr. Esteva, and not 349 Corp., the former owner of the property and the owner of the equity of redemption at the time of the foreclosure, and thus, even if timely filed, would not constitute a lien against the property in issue. Accordingly, there is no need for a hearing to determine who should get the surplus proceeds, there being no dispute that they should pass to 349 Corp., the preforeclosure owner of the property. The instant surplus money proceeding is neither the appropriate forum to determine Mr. Esteva's interest in 349 Corp., nor to enforce plaintiff's judgment against Mr. Esteva (*see*, 79 NY Jur 2d, Mortgages and Deeds of Trust, § 801, citing *Quackenbush v O'Hare*, 129 NY 485). Concur—Milonas, J. P., Rosenberger, Ellerin, Nardelli and Colabella, JJ.