In the Matter of ANTHONY R. CANNA, Respondent, v TOWN OF AMHERST et al., Appellants. [816 NYS2d 629]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), entered August 17, 2004 in a proceeding pursuant to CPLR article 78. The judgment, insofar as appealed from, granted the petition in part and directed respondents to reimburse petitioner for the cost of obtaining a transcript of a hearing conducted pursuant to Civil Service Law § 75.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondents contend in this CPLR article 78 proceeding that Supreme Court erred in directing them to reimburse petitioner for the cost of obtaining a transcript of a hearing conducted pursuant to Civil Service Law § 75. It is undisputed that respondents obtained a copy of that transcript before the issuance of a determination resolving the charges against petitioner and that they provided a copy thereof to the Hearing

Officer. It also is undisputed that respondents refused to provide petitioner with a copy of the transcript at that time, and petitioner was required to pay for a copy of the transcript in order to obtain one. Respondents contend that they were required to provide petitioner with a copy of the transcript free of charge only after the issuance of the determination resolving the charges and, then, only in the event that petitioner was found guilty of at least one of the charges against him. Respondents contend that they provided petitioner with a copy of the transcript free of charge at that time and thus the court erred in requiring them to reimburse petitioner for the cost of obtaining the transcript before the issuance of the determination. We reject that contention.

Civil Service Law § 75 (3) provides in relevant part that "[a] copy of the transcript of the hearing shall, upon request of the officer or employee affected, be furnished to him [or her] without charge." The prior version of the statute, Civil Service Law former § 22 (2), provided in relevant part that, "[i]f such officer or employee is found guilty, a copy of the charges preferred and the answer thereto, the determination and a transcript of the hearing shall be forthwith entered upon the records of the department or office in which he [or she was] employed, . . . and a copy of the determination and of the transcript of the hearing [shall be] furnished to such officer and employee." The prior version of the statute thus provided that a copy of the transcript of the hearing was to be furnished upon a finding of guilt, while the statute as amended removed that limitation. "In construing the statute, we are justified in assuming that it was intended by the Legislature to change the law then existing" (*Lichtenstein v Grossman Constr. Corp.*, 221 App Div 527, 530 [1927]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 193 [a]; *Matter of Stein*, 131 AD2d 68, 71-72 [1987], *lv dismissed* 72 NY2d 840 [1988]).

Finally, we note that respondents are not required pursuant to Civil Service Law § 75 (3) to obtain and provide a daily or weekly copy of the transcript of a hearing as it progresses. Here, however, the hearing had been completed when petitioner requested a copy of the transcript and respondents refused to provide him with a copy at that time. The court thus properly directed respondents to reimburse petitioner for the cost of obtaining the transcript. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Smith, JJ.