P. DELANY AND COMPANY, Respondent, *v.* ROSANNA DUVOLI et al., Defendants; FRANCES M. LABES, Appellant, and LOUIS ARGENIO et al., Respondents.

Submitted May 25, 1938; decided July 7, 1938.

*Isidore Lapan, Sol Feder, Frederick E. Goldsmith* and *Louis E. Felix* for appellant. The interest of a vendor under an executory contract of sale where the vendee is in possession is not subject to a lien for materials and labor furnished without the express consent of such vendor. (*Beck* v. *Catholic University of America,* 172 N. Y. 387; *Schuldt* v. *Chuckrow,* 222 App. Div. 441; *Kolkman* v. *Eshelman,* 132 Misc. Rep. 428; *Jewett Refrigerator Co.* v. *Lawless,* 120 Misc. Rep. 443; *Brigham* v. *Duany,* 241 N. Y. 435; *Moore* v. *McLaughlin,* 11 App. Div. 477; *Vosseller* v. *Slater,* 25 App. Div. 368; *National Wall Paper Co.* v. *Sire,* 163 N. Y. 122; *Rice* v. *Culver,* 172 N. Y. 60; *Gates & Co.* v. *National Fair & Exposition Assn.,* 225 N. Y. 142.)

*Charles W. U. Sneed* and *J. Townsend Cassedy* for respondents. The plaintiff and the defendant lienors furnished materials and performed labor with the consent of the owner or her agent and have proved valid liens against the property improved thereby. (*Rice* v. *Culver,* 172 N. Y. 60; *National Wall Paper Co.* v. *Sire,* 163 N. Y. 122; *Hankinson* v. *Vantine,* 152 N. Y. 20; *Gates & Co.* v. *National Fair & Exposition Assn.,* 225 N. Y. 142; *Cowen*

v. *Paddock*, 137 N. Y. 188; *Kealey* v. *Murray*, 40 N. Y. St. Repr. 23; *Butler* v. *Flynn*, 51 App. Div. 225.)

O'BRIEN, J. Defendant Frances M. Labes was the owner of real property with buildings thereon known as Pine Point in Orange county. In September, 1932, she executed an instrument with defendants Brennan and Nunzio Salamone whereby she agreed to convey the property with an option to them to take title within a year, with provisions that until the taking of title they were to pay, after the first two months, a fixed monthly rent and that if title were not taken within a year, the agreement to convey was to become void. In this agreement no reference is made to any contemplated improvements by way of construction or alteration. The conditional vendees were by this instrument also given immediate possession. By assignment, Brennan transferred his interest to defendants Nunzio Salamone and Samuel Salamone. While defendant Labes remained the owner of record and the conditional vendees as tenants had entered into possession, the conditional vendees, prior to August, 1933, made certain alterations and new construction on the premises. Plaintiff, P. Delany & Co., and defendants Argenio and Newburgh Planing Mill Company were employed by the tenants in possession and they furnished labor and materials in effecting the alterations and additions. The defendants Salamone having defaulted in their payments due under their agreement with defendant Labes, they assigned to her all their interest and in October, 1933, she conveyed the property to Rosanna Duvoli, the wife of defendant Nunzio Salamone, taking back two purchase-money mortgages aggregating $10,600.

In this action to foreclose a mechanic's lien the courts below have awarded judgment determining that plaintiff and the defendants Argenio and Newburgh Planing Mill Company have valid liens against the property, decreeing that the property be sold and that defendant Labes and the other defendants, except the lienors, be barred of all

interest in the premises. Mrs. Labes is the only party appealing.

The question of law is whether there is any evidence of such a consent by defendant Labes, the record owner of the premises, to the improvements by the tenants in possession as satisfies the provisions of section 3 of the Lien Law (Cons. Laws, ch. 33). This section provides: " A contractor, subcontractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property *with the consent or at the request of the owner thereof, or of his agent* * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor or materials upon the real property improved or to be improved and upon such improvement, from the time of filing a notice of such lien as prescribed in this chapter." The consent required by this section is not a mere acquiescence by the owner to improvements by a lessee in possession at his own expense. There must be some affirmative act by the owner. (*Beck* v. *Catholic University*, 172 N. Y. 387, 392, 393; *Brigham* v. *Duany*, 241 N. Y. 435, 440.) Here there has been no compliance with the statutory requirements. The most that can be said in favor of respondents is that the owner did not object to improvements by the tenants at their own expense. That the lienors never dealt with the record owner or her agent in respect to those improvements cannot be doubted. The evidence demonstrates that the credit accorded by the lienors was to the tenants and not to the owner, that all the transactions relating to the improvements occurred between the lienors and defendants Samuel Salamone and Nunzio Salamone, the tenants in possession, and that the tenants assured the owner that the improvements were to be effected at their own expense.

The judgments should be reversed and the complaint dismissed, with costs in all courts. (See 278 N. Y. 715.)

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgments reversed, etc.