■ PAUL MOCK, INC., Appellant, v 118 EAST 25TH STREET REALTY COMPANY et al., Respondents, et al., Defendant. — Order, Supreme Court, New York County (H. G. Schwartz, J.), entered October 30, 1981 directing judgment dismissing the complaint, after nonjury trial, in action to foreclose mechanic's lien, and vacating and discharging said lien, is unanimously affirmed, with costs. The interest of the owner of real property may only be subjected to a mechanic's lien for improvements if the work is done "with the consent or at the request of the owner thereof" (Lien Law, § 3). In this case the work was done for the tenant's convenience and at the tenant's request. Consent of the owner here was merely a consent required under the lease to avoid forfeiture of the tenant's interest and does not constitute a consent within the meaning of section 3 of the Lien Law. (*Hankinson v Vantine,* 152 NY 20, 28; *Eisenson Elec. Serv. Co. v Wien,* 30 Misc 2d 926, 930.) To come within the intendment of the statute, "the owner must either be an affirmative factor in procuring the improvement to be made, or having possession and control of the premises assent to the improvement in the expectation that he will reap the benefit of it." (*Rice v Culver,* 172 NY 60, 65-66.) "The statute contemplates that the owner of property shall not be charged with the cost of improvements made upon his premises without such an assent to such improvements as would morally obligate him to pay for the same * * * The consent contemplated by the statute is not a consent given to the tenant, but a consent given to the materialman; it is a holding out of the owner as acquiescing in the giving of credit which is at the foundation of the right to a lien against the owner of the fee". (*Sager v Renwick Park & Traffic Assn.,* 172 App Div 359, 367, 368.) Here, as in *Delany & Co. v Duvoli* (278 NY 328, 331), the lienor never dealt with the owner with respect to these improvements; all the transactions relating to the improvements occurred between the lienor and the tenant in possession; the credit accorded by the lienor was to the tenant and not to the owner; and the tenant in essence assured the owner that the improvements to be effected were at the tenant's expense. Concur — Sandler, J. P., Markewich, Silverman and Bloom, JJ.

■ PATRICIA C. KOSTROFF, as Parent and Natural Guardian of NINA KOSTROFF and Others, Infants, Appellant-Respondent, v LARRY KOSTROFF, Respondent-Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered January 23, 1981, which directed respondent father to pay to petitioner child support of $175 per week and child support arrears of $50 weekly, plus interest, from June 29, 1978 to the date of entry of the judgment, and $1,500 attorney's fees, is modified, without costs, on the law and the facts, to the extent of directing that support payments are to be retroactive to August 1, 1976 and otherwise affirmed. According to the terms of the agreement between the parties, support payments were to be reduced only in the event of emancipation, marriage or death of a child. Since none of those conditions applied when respondent unilaterally, and without seeking and obtaining a modification of that agreement, reduced support payments, he was in breach thereof. We find that appellant did not waive her objections to the reduction in support. Therefore, respondent should have been directed to pay child support arrears from August 1, 1976, the date upon which he first reduced the payments. Concur — Sandler, J. P., Ross, Markewich, Silverman and Milonas, JJ.