■ M & B PLUMBING & HEATING COMPANY, INC., Respondent, v EDWARD CAMMAROTA et al., Appellants, et al., Defendants. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 30, 1983 in Albany County, which, *inter alia,* granted plaintiff's cross motion for summary judgment. ¶ On July 30, 1980, defendant Edward Cammarota entered into an installment land contract with defendant American Health and Racquet Club, Inc. (AHRC), for the sale of certain land and buildings in the Town of Colonie, Albany County, which were being used as an indoor tennis and health facility. AHRC went into possession of the property and thereafter engaged plaintiff to make improvements to the facility consisting generally of the partial installation of a gas heating system. Plaintiff charged AHRC approximately $16,500 for the work and materials and received payment of some $8,500, leaving an unpaid balance of about $8,000. On May 23, 1982, plaintiff filed a mechanic's lien in that amount. Meanwhile, AHRC defaulted on its obligations under the contract and Cammarota took legal steps to recover possession. Ultimately, in May, 1982, the matter was resolved by written agreement between Cammarota and the principal stockholders of AHRC whereby Cammarota acquired all of the shares of the corporation with provisions concerning the disposition of certain accounts receivable and payable which had accrued during the period of AHRC's operation of the facility. Plaintiff's claim remained unpaid, however, and it commenced a foreclosure action to enforce its lien. After pretrial discovery, the parties made cross motions for summary judgment. Special Term denied Cammarota's motion and granted plaintiff's motion. This appeal followed. ¶ The controlling issue on this appeal is whether Special Term was correct in determining that, as a matter of law, the evidence satisfied the requirements of section 3 of the Lien Law, i.e., that plaintiff's performance was "with the consent or at the request of the owner", in this case Cammarota, despite the fact that it was only AHRC that ordered the work and was in possession when it was done. It is true, as Cammarota argues, that mere acquiescence by the owner is not enough, even though there is awareness that improvements are being made of potential benefit to the owner's actual or contingent reversionary interest; some affirmative act on the part of the owner is required (*Delaney & Co. v Duvoli,* 278 NY 328, 331; *Paul Mock, Inc. v 118 East 25th St. Realty Co.,* 87 AD2d 756). The requisite consent can be found, however, where the owner, by contract with his lessee or vendee in possession, has required or specifically consented to the making of certain improvements (*Jones v Menke,* 168 NY 61, 64; *National Wall Paper Co. v Sire,* 163 NY 122, 128-130). A generalized contract requirement that the vendee keep the property in good condition and make all necessary repairs is insufficient (*Aetna Elevator Co. v Deeves,* 125 App Div 842). Nor is a general consent for the contract vendee to make unspecified improvements the kind of affirmative act subjecting the owner's interest to the lien (*Beck v Catholic Univ.,* 172 NY 387, 392-393). ¶ In the land contract under consideration here, however, the vendee certified that it would make improvements to

the premises within one year. Two other provisions of the contract demonstrate that this clause was not intended merely to *authorize* the vendee to make repairs or nonspecific alterations which would add nothing of value to the vendor's contingent reversionary interest: first, the contract had a separate paragraph containing the customary requirement of maintenance of the property by the vendee. Additionally, in the paragraph permitting AHRC to enter into possession of the premises, a clause was included providing that until title was ultimately passed, the relationship between the parties was to be that of the landlord and tenant, and that "the payments hereunder and the *improvements to be made* to the above-described premises shall be regarded as rent" (emphasis added). Although the vendee's obligation to make improvements was not particularized, the parties were well aware of the intended use of the property as a tennis and health facility. Thus, it can be inferred that improvements furthering that purpose were within the parties' contemplation when the clause in question was inserted in the contract. Clearly, enhancing the operation of the heating system of the facility would fall well within such a category of improvements. Moreover, the subsequent agreement under which Cammarota recovered possession of the facility through acquisition of the outstanding shares of AHRC contained a clause under which Cammarota agreed to apply collection on outstanding accounts receivable to certain accounts payable including "Contractor, Labor and Material Men", with knowledge that this included plaintiff's claim. This supports the conclusion that the work plaintiff performed not only was of benefit to the vendor's interest, but was also within the class of improvements the vendee was contractually obligated to undertake. Such is sufficient to establish Cammarota's liability under section 3 of the Lien Law (see *Jones v Menke, supra; cf. Osborne v McGowan,* 1 AD2d 924, 925). ¶ Judgment affirmed, with costs. Mahoney, P. J., Kane, Yesawich, Jr., Levine and Harvey, JJ., concur.