■ DONALD HARNER, Respondent, v EARL SCHECTER et al., Defendants, and JASON FANE, Appellant. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered October 7, 1983 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

In this action to foreclose a mechanic's lien, the sole issue is whether premises at 204 Dryden Road in the City of Ithaca were improved with the consent of defendant Jason Fane, the owner, who had leased the subject premises to defendant Johnny's Big Red Grill, Inc. (tenant) for 10 years for operation of a bar and restaurant. The lease was contingent upon procurement of a license from the State Liquor Authority by the tenant. Extensive remodeling and repair of the premises was required to make the premises suitable and qualify for a license. Plaintiff was retained by the tenant to complete the task in July, 1981. When payment was not made, plaintiff filed a mechanic's lien. After a nonjury trial in a lien foreclosure action, the court determined that the owner had consented to the performance of the work within the scope of section 3 of the Lien Law, entitling plaintiff to a judgment. This appeal by defendant Fane ensued.

An owner of real property may be subjected to a mechanic's lien for improvements when the work is done "with the consent" of the owner (Lien Law, § 3). The consent required by this section is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation (see *Delany & Co. v Duvoli,* 278 NY 328, 331; *Sager v Renwick Park & Traffic Assn.,* 172 App Div 359, 367-368). Such consent may be inferred from the terms of the lease and the conduct of the owner (see *National Wall Paper Co. v Sire,* 163 NY 122).

By its terms, the lease agreement between Fane and the tenant contemplated that improvements would be made to the premises, and expressly provided that the resulting benefits would revert to Fane upon expiration of the lease term (see

*Osborne v McGowan,* 1 AD2d 924, 925). In this sense, it is not insignificant that Fane, following eviction proceedings, regained possession of the premises a month prior to the filing of the instant mechanic's lien by plaintiff, and has since benefited from the extensive improvements made (see *National Wall Paper Co. v Sire, supra,* p 126). Moreover, the record confirms that Fane's agent was active in procuring plaintiff's services, introduced plaintiff to the tenant, participated in several conferences as to the extent of the renovations, provided a set of floor plans and was at the work site virtually on a daily basis (cf. *Delany & Co. v Duvoli, supra; Paul Mock, Inc. v 118 East 25th St. Realty Co.,* 87 AD2d 756 [no contact between lienor and owner]). Fane was present himself on a weekly basis and expressed admiration for the work. He also retained plaintiff to do certain other work on the building apart from that included in the agreement between plaintiff and the tenant. Considered in its entirety, the record provides ample basis for the trial court's finding of "consent" (*National Wall Paper Co. v Sire, supra*). The judgment should therefore be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.