■ PETER BEAUDET, Doing Business as PORCELAIN REFINISHERS, Respondent, v JAMES SALEH et al., Defendants, and JOHN T. MARKS et al., Appellants.—Kane, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered May 3, 1988 in Albany County, upon a verdict rendered in favor of plaintiff against various defendants.

Defendants John T. Marks and Shelly D. Marks (hereinafter collectively referred to as defendants) are owners of premises known as 134 to 136 Madison Avenue in the City of Albany. Pursuant to the terms of a written five-year lease dated January 1983, the premises were leased to defendant James Saleh, who in turn entered into an oral arrangement with plaintiff, a contractor, for the remodeling of the premises to provide for the operation of a restaurant. Extensive work was undertaken, which included the employment of subcontractors for plumbing and electrical work, lasting until May or June 1983. Although Saleh obtained a building permit for the remodeling process and posted it in the window of the premises, he never obtained the consent of defendants to perform the work undertaken either before or during the remodeling, which, under the terms of the lease, was required before any alterations could be made. John Marks knew that work was being performed, as he visited the premises on a regular basis. However, he did not have any direct contact with those engaged in the actual work being performed, and, of particu-

---

lar importance, neither plaintiff nor anyone acting in his behalf ever obtained consent from defendants to make the proposed alterations *(see,* Lien Law § 3). It does appear from the record that on one occasion, John Marks credited Saleh $1,000 for the cost of a new concrete floor which was installed in the kitchen, but steadfastly maintained that he was unaware of the scope of the alterations undertaken by Saleh, even though he had permitted some preliminary work by Saleh prior to the execution of the written lease.

The restaurant finally opened for business, after some additional financial help from plaintiff as a cosigner for a bank loan obtained by Saleh, but closed after a few months due to lack of business. Plaintiff duly filed a mechanic's lien against the premises and thereafter timely commenced this action to foreclose the lien, which resulted in a judgment in his favor against defendants and Saleh in the sum of $30,000. This appeal by defendants ensued. Saleh has not appealed.

The determinative issue to be resolved on this appeal is whether the record demonstrates consent by defendants to the construction which would subject them to plaintiff's lien. Here, there is no showing of any affirmative act on defendants' part which can be construed as the consent required by Lien Law § 3, nor, admittedly, was there any consent given to plaintiff by defendants. Of critical significance is the requirement that " '[t]he consent contemplated by the statute *is not a consent given to the tenant, but a consent given to the materialman' " (Paul Mock, Inc. v 118 E. 25th St. Realty Co.,* 87 AD2d 756, quoting *Sager v Renwick Park & Traffic Assn.,* 172 App Div 359, 368 [emphasis supplied]). Accordingly, the requisite consent pursuant to Lien Law § 3 was not established *(cf., Harner v Schecter,* 105 AD2d 932).

We are not persuaded by the fact that the commencement of renovations by Saleh with knowledge of defendants prior to execution of the formal lease in January 1983 bears on the issue of consent granted to plaintiff. Moreover, knowledge of and acquiescence in work performed after the execution of the lease and the act of crediting Saleh $1,000 for the pouring of the new cement floor in the kitchen did not, in our view, fulfill the requirements of Lien Law § 3 to establish consent by some affirmative act on the part of defendants running to plaintiff. We have previously stated that "mere acquiescence by the owner is not enough, even though there is awareness that improvements are being made of potential benefit to the owner's actual or contingent reversionary interest; some affirmative act on the part of the owner is required" *(M & B*

*Plumbing & Heating Co. v Cammarota,* 103 AD2d 879). Here, such an affirmative act is missing and, for the reasons stated, defendants did not subject themselves or their property to the lien of plaintiff *(see, Paul Mock, Inc. v 118 E. 25th St. Realty Co., supra).*

Judgment modified, on the law, without costs, by reversing so much thereof as entered judgment against defendants John T. Marks and Shelly D. Marks; complaint dismissed against said defendants; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.