FALCO CONSTRUCTION CORP., Appellant, v P & F TRUCK-ING, INC., Respondent, et al., Defendant.

Even if the claim of the plaintiff Falco Construction Corp. (hereinafter Falco) that it had a valid mechanic's lien based upon Lien Law § 3 could properly be raised for the first time on appeal (cf., First Intl. Bank v Blankstein & Son, 59 NY2d 436, 447; Fresh Pond Rd. Assocs. v Estate of Schacht, 120 AD2d 561), this issue, under the circumstances of the instant case, would not require reversal of the Supreme Court's award of summary judgment. Falco failed to meet its burden (see, Brainard v County of Kings, 155 NY 538, 543-544; Lorber v Eskof Real Estate, 21 Misc 2d 308, 311), as a subcontractor on a construction project, of establishing the existence of a fund due and owing from the owner to the general contractor at the time of the filing of its mechanic's lien to which such lien could attach (see, Lien Law § 4; Ebert v Van-Mar Developers, 111 AD2d 495, 496; Electric City Concrete Co. v Phillips, 100 AD2d 1, 4; Hartman v Travis, 81 AD2d 692, 693).

Equally without merit is Falco's additional assertion that advance payments made by the owner to the general contractor were for the purpose of avoiding the provisions of the Lien Law and, thus, were of no effect as against its lien (Lien Law § 7). Falco's conclusory allegations of bad faith were insuffi-

cient to raise a triable issue of fact on this issue such as to warrant denial of the summary judgment motion *(see, Schild Stone Corp. v Apostle,* 41 Misc 2d 732, 734; *cf., Hartman v Travis, supra).* Thompson, J. P., Lawrence, Kunzeman and Balletta, JJ., concur.