■ Tri-North Builders, Inc., Respondent, v Richard A. Di Donna, Appellant, et al., Defendants. [629 NYS2d 850] —Mikoll, J. P. Appeal from an order of the Supreme Court (Canfield, J.), entered February 10, 1994 in Ulster County, which denied defendant Richard A. Di Donna's motion for, *inter alia*, summary judgment dismissing the complaint against him.

On September 4, 1991, defendant Richard A. Di Donna leased certain real property he owned located in the Town of Ulster, Ulster County, consisting of a building and a parking lot, to Sterling Optical Corporation for use as a retail store. It appears that substantial renovations to the building were necessary to accommodate Sterling's needs and, on September 23, 1991, Sterling executed a contract with plaintiff, a general contractor, to do the renovation work. Plaintiff subcontracted parts of the work to defendant contractors. However, Sterling failed to pay plaintiff for any of the work, which was completed in November 1991, and shortly thereafter filed for bankruptcy.

Plaintiff then discovered that Di Donna owned the premises and filed a notice of mechanic's lien against the property for $143,523 under Lien Law § 3. Plaintiff thereafter commenced the instant lien foreclosure action. In his answer Di Donna counterclaimed for damages for plaintiff's alleged willful and malicious filing of the lien. Di Donna subsequently moved (1) to dismiss the complaint for failure to state a cause of action,

(2) for summary judgment, (3) for judgment in his favor on the counterclaim, and (4) for imposition of penalties under CPLR 3126 (1), (2) and (3). Di Donna's motion was denied in its entirety by Supreme Court. This appeal by Di Donna, as limited by his brief, followed.

Di Donna's argument that he did not consent to work done by plaintiff, that the essential facts are not in dispute and that, consequently, Supreme Court erred in not granting him summary judgment as a matter of law is persuasive. The order of Supreme Court should be modified by granting Di Donna's motion for summary judgment and dismissing the complaint against him.

In this case the sole issue is whether Di Donna gave "consent" as that term is used in Lien Law § 3. The relevant portion of Lien Law § 3 provides that a contractor "who performs labor or furnishes materials for the improvement of real property with the *consent* or at the request of the owner thereof * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor * * * or materials upon the real property improved" (emphasis supplied). Here, it is undisputed that there was no contract between plaintiff and Di Donna. Plaintiff seeks recovery on the theory of consent based on certain provisions of the lease agreement between Di Donna and Sterling.

However, it is clear that where recovery is sought for improvements made pursuant to an agreement between the contractor and a tenant, the owner's consent to the improvements must be demonstrated by an affirmative act (*see, Delany & Co. v Duvoli*, 278 NY 328, 331; *Brigham v Duany*, 241 NY 435, 440; *Beaudet v Saleh*, 149 AD2d 772, 773, *lv denied* 74 NY2d 610). Mere acquiescence is not sufficient to fasten liability (*see, Delany & Co. v Duvoli, supra*, at 331; *M & B Plumbing & Heating Co. v Cammarota*, 103 AD2d 879). We have held that " ' "[t]he consent contemplated by the statute *is not a consent given to the tenant, but a consent given to the [contractor]*" ' " (*Beaudet v Saleh, supra*, at 773, quoting *Paul Mock, Inc. v 118 E. 25th St. Realty Co.*, 87 AD2d 756, quoting *Sager v Renwick Park & Traffic Assn.*, 172 App Div 359, 368 [emphasis in original]; *cf., Harner v Schecter*, 105 AD2d 932; *M & B Plumbing & Heating Co. v Cammarota, supra*). Here, there can be no reasonable interpretation of the uncontested facts by which the lease agreement could be construed as an affirmative act by Di Donna giving consent to plaintiff to do the improvements. As there are no triable issues of fact, Di Donna is entitled to summary judgment as a matter of law (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Richard A. Di Donna, by reversing so much thereof as denied Di Donna's motion for summary judgment; motion granted to that extent, summary judgment awarded to Di Donna and complaint dismissed against him; and, as so modified, affirmed.