■ Valsen Construction Corp., Appellant, v Long Island Racquet & Health Club, Inc., Defendant, and Park Associates et al., Respondents. [645 NYS2d 317]

Contrary to the plaintiff's contention, the Supreme Court properly dismissed its claims that the insurance proceeds were the subject of a trust. Lien Law § 4-a, in combination with Lien Law § 70 (5) (f), provides that the proceeds of an insurance policy shall become trust assets where there is "destruction or removal by fire or other casualty of an improvement on which lienors have performed labor or services". The plaintiff, in the instant case, does not fall within the class of contractors that the statute seeks to protect. Notably, the plaintiff was not a lienor at the time that the casualty occurred to the property. Consequently, the substitute res, insurance proceeds, need not be held in trust to protect the interests of work that was destroyed.

Moreover, the plaintiff has not established that the owner of the real property should be subjected to a mechanic's lien because he either consented to or requested the plaintiff's services (*see,* Lien Law § 3). The consent required by this section is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation (*see, Tri-North Bldrs. v Di Donna,* 217 AD2d 886; *Harner v Schecter,* 105 AD2d 932, citing *Delany & Co. v Duvoli,* 278 NY 328, 331; *Sager v Renwick Park & Traffic Assn.,* 172 App Div 359, 367-368). Here, there is no showing of any affirmative act on the part of the defendants Park Associates or Gerald Wolkoff which can be construed as the consent required by Lien Law § 3 (*see, Beaudet v Saleh,* 149 AD2d 772, 773). In fact, the plaintiff readily acknowledges that it was unaware of either of the defendants Park Associates or Gerald Wolkoff until the commencement of this action. Bracken, J. P., Thompson, Krausman and Goldstein, JJ., concur.