■ GCDM IRONWORKS, INC., Respondent, v GJF CONSTRUCTION CORP., Defendant, and ASTORIA PINES HOLDING CO., LLC, Appellant. [739 NYS2d 193] —In an action, inter alia, to foreclose a mechanic's lien, the defendant Astoria Pines Holding Co., LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 23, 2001, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff GCDM Ironworks, Inc., doing business as GC Ironworks (hereinafter GCI), commenced this action, inter alia, to foreclose a mechanic's lien filed against property owned by the appellant, Astoria Pines Holding Co., LLC. The appellant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not consent to the work allegedly performed by GCI. The Supreme Court denied the motion, finding the existence of a triable issue of fact as to whether the appellant consented to the work. This was error.

The relevant portion of Lien Law § 3 provides that a contractor "who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or of his agent, contractor or subcontractor * * * shall have a lien for the principal and interest, of the value, or the agreed price, of such labor * * * or materials upon the real property improved." Consent of the owner is the sine qua non, and if no consent is shown, there is no right to a lien (*see, Delany & Co. v Duvoli,* 278 NY 328, 331; 76 NY Jur 2d, Mechanics' Liens § 38; 16 Carmody-Wait 2d, Mechanics' Liens § 97:49, at 99). The consent required by this section is not mere acquiescence and benefit, but some affirmative act or course of conduct establishing confirmation (*see, Valsen Constr. Corp. v Long Is. Racquet & Health Club,* 228 AD2d 668, 669; *Tri-North Bldrs. v Di Donna,* 217 AD2d 886; *see also, Delany & Co. v Duvoli, supra; Brigham v Duany,* 241 NY 435, 440; *Beaudet v Saleh,* 149 AD2d 772, 773; *Mock, Inc. v 118 E. 25th St. Realty Co.,* 87 AD2d 756; *Harner v Schecter,* 105 AD2d 932; *M & B Plumbing & Heating Co. v Cammarota,* 103 AD2d 879).

"Where the circumstances are such that an owner may be said to have consented so far as the contractor is concerned, the owner is deemed also to have consented to the furnishing of labor and materials to the contractor with the latter's consent" (*Rure Assoc. v DiNardi Constr. Corp.,* 917 F2d 1332, 1336; *see, Wheeler v Scofield,* 67 NY 311, 314; 16 Carmody-Wait 2d, Mechanics' Liens § 97:49, at 99; 76 NY Jur 2d, Mechanics' Liens § 38). The subcontractor has the burden of establishing that there was money due and owing to the general contractor from the owner based on a primary contract (*see, Falco Constr. Corp. v P & F Trucking,* 158 AD2d 510; *Brainard v County of Kings,* 155 NY 538, 543-544; *see also, Rure Assoc. v DiNardi Constr. Corp., supra* at 1335).

The appellant established its entitlement to judgment as a matter of law through the submission of credible evidence that the work allegedly performed by GCI, at the request of Builders Group, was not performed with the appellant's consent or at its request (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). In fact, the appellant had never heard of GCI and first learned of the work allegedly performed for it upon GCI's filing of the mechanic's lien (*see, Valsen Constr. Corp. v Long Is. Racquet & Health Club, supra*). In opposition to the appellant's prima facie showing that it was not liable to GCI under Lien Law § 3, GCI submitted an affidavit from its vice president containing only conclusory, vague, and speculative statements which failed to raise a triable issue of fact as to whether the appellant affirmatively or impliedly consented to its work (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Falco Constr. Corp. v P & F Trucking, supra*).

In view of this determination, we need not reach the appellant's remaining contentions. Goldstein, J.P., McGinity, Luciano and Crane, JJ., concur.