■ Timothy Coffey Nursery/Landscape, Inc., Respondent, v William E. Gatz et al., Appellants, et al., Defendants. [757 NYS2d 596] —In an action to foreclose a mechanic's lien, the defendants William`E. Gatz, Gatz Properties, LLC, and Peconic Bay Golf, LLC, appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County

(Hall, J.), dated November 14, 2001, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them, and (2) from a judgment of the same court, entered January 15, 2002, which is in favor of the plaintiff and against them in the principal sum of $18,120.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that judgment is reversed, on the law, the order is vacated, and the motion for summary judgment is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The defendant Gatz Properties, LLC (hereinafter Gatz Properties), leased land which it owned in Suffolk County to the defendant Peconic Bay Golf, LLC (hereinafter Peconic Bay), for use as an 18-hole championship golf course. The defendant William Gatz is the manager of Gatz Properties, which is the manager of Peconic Bay. After execution of the lease, Peconic Bay contracted with AJV Construction Company (hereinafter AJV) to make improvements to the land.

The plaintiff, a landscaping company, alleges that it was hired by Gatz and/or Gatz Properties to perform tree-clearing work on the property. The appellants contend that the plaintiff was hired by AJV after AJV began experiencing difficulties with one of its subcontractors. In any event, the plaintiff was not paid for its work and it thereafter filed a mechanic's lien against the property. In this action to foreclose the lien, the Supreme Court granted the plaintiff summary judgment. We reverse.

The plaintiff established its prima facie entitlement to judgment as a matter of law (see Lien Law § 4; National Wall Paper Co. v Sire, 163 NY 122 [1900]; Harner v Schecter, 105 AD2d 932 [1984]). However, in opposition thereto, the appellants raised material issues of fact. In particular, the pivotal issue regarding whether the plaintiff was one of the appellants' contractors or one of AJV's subcontractors remains unresolved. The plaintiff's status is of particular importance because the rights of a subcontractor are derivative of the rights of the general contractor and a subcontractor's lien must be satisfied out

of funds " 'due and owing from the owner to the general contractor' " at the time the lien is filed (*Electric City Concrete Co. v Phillips,* 100 AD2d 1, 4 [1984], quoting *Strain & Son v Baranello & Sons,* 90 AD2d 924, 925 [1982]; *see also DiVeronica Bros. v Basset,* 213 AD2d 936, 937 [1995]; *Tibbetts Contr. Corp. v O & E Contr. Co.,* 15 NY2d 324 [1965]; *104 Contrs. v Golf Assoc.,* 270 AD2d 817 [2000]; *Falco Constr. Corp. v P & F Trucking,* 158 AD2d 510 [1990]). Moreover, a subcontractor bears the burden of demonstrating that there is money due and owing to the general contractor from the owner based on the primary contract (*see GCDM Ironworks v GJF Constr. Corp.,* 292 AD2d 495 [2002]; *Falco Constr. Corp. v P & F Trucking, supra*).

Accordingly, the plaintiff was not entitled to summary judgment on the complaint insofar as asserted against the appellants. Santucci, J.P., Luciano, Schmidt and Adams, JJ., concur.