■ CURTIS PARTITIONS CORP., Plaintiff, v HALPERN CONSTRUCTION, INC., Respondent, and 2 BROADWAY LLC, Appellant, et al., Defendants. [843 NYS2d 16]—

Order and judgment (one paper), Supreme Court, New York County (John E. H. Stackhouse, J.), entered October 18, 2005, after a nonjury trial, granting defendant contractor Halpern's cross claims to foreclose mechanic's liens against defendant premises owner 2 Broadway LLC, unanimously affirmed, without costs.

The disposition was supported by a fair interpretation of the evidence and should not be disturbed (*Watts v State of New York*, 25 AD3d 324 [2006]). The lienor was entitled to foreclose, based on credible evidence at trial that it had performed its contracts on time, to the best of its ability. To the extent it failed to meet its deadlines, the lienor was blameless for the delays. There was ample evidence, based on the conduct and attitude of the owner during the construction process, that it had knowledge of and consented to the work (*see National Wall Paper Co. v Sire*, 163 NY 122, 131 [1900]; *M & B Plumbing & Heating Co. v Cammarota*, 103 AD2d 879 [1984]). The charge for premium time was a "lienable" item.

The court properly rejected the defense that a mechanic's lien could not be filed because the work was for a public improvement (*compare* Lien Law §§ 3, 5). This property was privately owned, and the owner was ultimately responsible for the costs.

We have considered the owner's remaining arguments and find them to be without merit. Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.