■ SARATOGA ASSOCIATES LANDSCAPE ARCHITECTS, ARCHITECTS, ENGINEERS AND PLANNERS, P.C., Appellant-Respondent, v THE LAUTER DEVELOPMENT GROUP et al., Respondents and ABODE BLUE CHIP, LLC, Respondent-Appellant. [910 NYS2d 571]—

Garry, J. Cross appeals (1) from an order of the Supreme Court (Teresi, J.), entered July 29, 2009 in Albany County, which partially granted a motion by defendant Abode Blue Chip, LLC for, among other things, summary judgment dismissing the complaint against it, and (2) from an order of said court, entered October 30, 2009 in Albany County, which, among other things, granted plaintiff's motion for summary judgment dismissing the counterclaim of defendant Abode Blue Chip, LLC.

Defendant Abode Blue Chip, LLC owns property in the Town of Guilderland, Albany County. In 2008, defendant Sanford Zimmerman, a principal of defendant The Lauter Development Group, discussed purchasing the property with Peter Cornell, an agent of Abode and the president of BBL Development Group, LLC, an affiliated entity of Abode. Lauter's interest in purchasing the property was conditioned on amending the existing site plan, so Lauter and/or Zimmerman retained plaintiff to prepare an amended plan. Thereafter, the anticipated real property purchase did not occur, and plaintiff allegedly was not paid in full for its services.

Plaintiff filed a notice of lien upon the property, which Abode contested, and plaintiff commenced this action seeking lien foreclosure and damages for, among other things, breach of contract. Following joinder of issue, Abode moved for summary judgment dismissing the foreclosure cause of action and awarding damages on its counterclaim for willful exaggeration. Supreme Court determined that Abode did not consent to plaintiff's work, discharged the lien, and denied summary judgment on Abode's claim for damages. Thereafter, Zimmerman sought summary judgment dismissing the complaint against him individually, and plaintiff cross-moved for summary judgment dismissing Abode's willful exaggeration counterclaim and seeking leave to amend the complaint to, among other things, add a claim that Zimmerman personally promised to pay plaintiff for the services rendered to Lauter. Supreme Court denied Zimmerman's motion, granted plaintiff's motion for summary judgment dismissing Abode's counterclaim and, as relevant here, denied plaintiff's motion for leave to amend the complaint. Plaintiff and Abode cross-appeal from both orders, and we affirm.

A mechanic's lien on real property is valid only when the lienor's services were performed with the consent or upon request of the owner or owner's agent (see Lien Law § 3; *Care Sys. v Laramee*, 155 AD2d 770, 771 [1989]). While express consent need not be shown, an affirmative act is required to demonstrate implied consent, and the owner's "[m]ere acquies-

cence" in the lienor's activities will not suffice (*Tri-North Bldrs. v Di Donna*, 217 AD2d 886, 887 [1995]; *see Beaudet v Saleh*, 149 AD2d 772, 773-774 [1989], *lv denied* 74 NY2d 610 [1989]). Abode supported its summary judgment motion with, among other things, affidavits from Cornell and Zimmerman averring that neither Cornell nor Abode consented to plaintiff's work, intended to use it, or communicated directly with plaintiff about it. They further averred that they had an arm's length relationship and did not have a partnership or other association by which Abode might have been bound by Zimmerman's consent to plaintiff's work. This evidence was sufficient to meet Abode's initial burden and shift the burden to plaintiff to demonstrate the existence of triable issues of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).*

Plaintiff's submission of the affidavit of its president, Robert Bristol, was insufficient to meet that burden. Bristol describes conversations and transactions among plaintiff, Zimmerman, Abode, and others, attempting to raise factual questions as to whether Zimmerman acted as Abode's agent or had entered into a joint venture with it. However, Bristol does not claim that he participated in these events or otherwise had personal knowledge of them, and the attached documents indicate that other representatives of plaintiff were involved. Plaintiff proffers no excuse for failure to present this hearsay evidence in admissible form (*see Meizinger v Akin*, 192 AD2d 1011, 1014 [1993], *lv denied* 82 NY2d 661 [1993]). Thus, Bristol's affidavit was without evidentiary value and insufficient to defeat plaintiff's prima facie showing (*see Jock v Landmark Healthcare Facilities, LLC*, 62 AD3d 1070, 1072 [2009]). Moreover, even if Bristol's affidavit were admissible, it contains no allegations of words or conduct attributable to Abode that could have led plaintiff to the reasonable conclusion that an agency relationship existed (*see Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 544 [1999], *lv denied* 94 NY2d 760 [2000]), nor was there evidence that Zimmerman and Abode intended to share profits, make good on losses, or otherwise engage in a joint venture (*see Baldwin v Bradt*, 62 AD3d 1131, 1132 [2009]; *Kaufman v Torkan*, 51 AD3d 977, 979 [2008]). Finally, we agree with

---

* For the first time on appeal, plaintiff contends that the affidavits of Zimmerman and Cornell were without evidentiary value in that they relied on hearsay documents and contained no express recital that they were based on personal knowledge. Even had this argument been preserved for appellate review (*see Deshields v Carey*, 69 AD3d 1191, 1193 [2010]), Zimmerman and Cornell were the principal actors in the transactions at issue, and their affidavits describe their own actions and participation in events; their personal knowledge was thus self-evident.

Supreme Court that consent to plaintiff's work cannot be inferred from Abode's sole act of direct contact with plaintiff—that is, its compliance with Zimmerman's request to supply plaintiff with the approved site plan. This single act establishes nothing more than Abode's knowledge of and acquiescence in plaintiff's work, and is insufficient to establish consent (*see Tri-North Bldrs. v Di Donna*, 217 AD2d at 887; *Beaudet v Saleh*, 149 AD2d at 773-774). Thus, summary dismissal of the foreclosure claim was proper.

Further, Supreme Court did not abuse its discretion in denying plaintiff's request for a stay of the motion pending further discovery (*see* CPLR 3212 [f]). In the absence of "some evidentiary showing suggesting that completion of discovery will yield material and relevant evidence" (*Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007]; *accord Overseas Private Inv. Corp. v Nam Koo Kim*, 69 AD3d 1185, 1188 [2010], *lv dismissed* 14 NY3d 935 [2010]), plaintiff's conjecture that further discovery might support its claim of a joint venture or agency relationship between Zimmerman and Abode was nothing more than the "mere hope that evidence sufficient to defeat the motion may be uncovered" (*Stoian v Reed*, 66 AD3d 1278, 1280 [2009] [internal quotation marks omitted]).

Plaintiff next contends that it should have been permitted to serve an amended complaint adding a cause of action against Zimmerman personally, alleging that he made an oral promise to pay plaintiff for its services. However, the proposed amendment was barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]). Plaintiff did not allege that Zimmerman's promise was supported by new and beneficial consideration or that the parties intended that Zimmerman was to become primarily liable on the debt (*see Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d at 543; *see also Martin Roofing v Goldstein*, 60 NY2d 262, 268-269 [1983], *cert denied* 466 US 905 [1984]). Moreover, the allegation that Zimmerman paid part of the amount due does not save plaintiff's claim, as the partial performance exception to the statute of frauds does not apply to contracts governed by General Obligations Law § 5-701 (*see Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 234 n 1 [1999]; *Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1012-1013 [2009]). While leave to amend pleadings is ordinarily freely granted, the proposed amendment was without merit, and denial of leave to amend was thus within Supreme Court's discretion (*see* CPLR 3025 [b]; *Peebles v Peebles*, 40 AD3d 1388, 1390 [2007], *lvs dismissed* 9 NY3d 892 [2007], 10 NY3d 893 [2008]).

Finally, Abode contends that Supreme Court erred in denying its motion for summary judgment on its counterclaim for damages for willful exaggeration pursuant to Lien Law § 39-a, and further, in dismissing the counterclaim. We disagree. Lien Law §§ 39 and 39-a must be read together, and no damages may be awarded unless the lien has been discharged for willful exaggeration (*see Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d at 542). This lien was not discharged for willful exaggeration, but for lack of consent; thus, damages were unavailable (*see id.* at 542-543; *Stamatopoulos v Karasik*, 238 AD2d 688, 691 [1997], *lv dismissed and denied* 92 NY2d 844 [1998]). Further, dismissal of the counterclaim was appropriate. Abode's argument that the entire amount of the lien was willfully exaggerated, as plaintiff knew or should have known that the lien was invalid due to the lack of consent, is inconsistent with our prior interpretations of these statutes. The remedy in Lien Law § 39-a requires a finding that the lienor "deliberately and intentionally exaggerated the *lien amount*" (*Barden & Robeson Corp. v Czyz*, 245 AD2d 599, 601 [1997] [emphasis added]; *see Washington 1993 v Reles*, 255 AD2d 745, 747 [1998]), and is available only where the lien is otherwise valid (*see Guzman v Estate of Fluker*, 226 AD2d 676, 678 [1996]). As a penal provision, this statute "must be strictly construed in favor of the person upon whom the penalty is sought to be imposed" (*Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d at 543).

Spain, J.P., Lahtinen and Kavanagh, JJ., concur. Ordered that the orders are affirmed, without costs. **[Prior Case History: 2009 NY Slip Op 31657(U).]**