■ SAMUEL CREECH, Respondent, v LORETO RUFA et al., Defendants, and SHAWN HAMLIN, Doing Business as HAMLIN DESIGN GROUP, et al., Appellants. [956 NYS2d 218]—

Garry, J.

A mechanic's lien on real property is not valid unless the property owner or the owner's agent requested or consented to the lienor's services, and such consent must be shown by some affirmative act, and not merely by the owner's acquiescence or awareness (*see* Lien Law § 3; *Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d 1219, 1220-1221 [2010]; *Tri-North Bldrs. v Di Donna*, 217 AD2d 886, 887 [1995]; *Care Sys. v Laramee*, 155 AD2d 770, 771 [1989]). Plaintiff supported his claim that he did not consent to defendants' work with his affidavit and deposition testimony asserting that he had no prior knowledge of the nature of their obligations to the buyers or the services they

performed, that he did not hire them or agree to their work and that, although he attended some meetings of the Town Planning Board at Rufa's request, he was not asked to review, comment on or inspect defendants' work at these meetings or otherwise, never saw plans for the buyers' proposed development, and never spoke with the buyers about their plans for obtaining the required approvals. Plaintiff further submitted the deposition testimony of defendants, who stated that they never spoke with plaintiff about their work, requested his input or approval, showed him plans, informed him of the work's progress or sought payment from him. We agree with Supreme Court that these submissions met plaintiff's burden to establish on a prima facie basis that he was entitled to judgment, shifting the burden to defendants to establish the existence of triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d at 1221; *Tri-North Bldrs. v Di Donna*, 217 AD2d at 887).

Defendants did not meet that burden. Contrary to their claims, nothing more than plaintiff's awareness and acquiescence was established by his signature on the purchase contract, his deposition testimony that he knew that the contract was contingent on the government approvals, and his attendance at meetings of the Planning Board where the subdivision project was discussed. Defendants' claims to the effect that plaintiff knew of and consented to their professional services were wholly conclusory and unsupported by any documents or other evidence (*see New York State Higher Educ. Servs. Corp. v Feher*, 291 AD2d 736, 737-738 [2002], *lv dismissed and denied* 98 NY2d 718 [2002]; *Huff v C.K. Sanitary Sys.*, 260 AD2d 892, 896 [1999]). Accordingly, defendants failed to establish the existence of issues of fact as to whether plaintiff took any affirmative act indicating his consent to defendants' work, and Supreme Court properly granted plaintiff's cross motion for summary judgment vacating the liens (*see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group*, 77 AD3d at 1221-1222; *Tri-North Bldrs. v Di Donna*, 217 AD2d at 887).

Finally, Supreme Court properly denied defendants' motion for renewal.* Upon this motion, defendants submitted a certified copy of an application for review of a major subdivision that had been presented to the Planning Board in July 2006. This document did not constitute newly discovered evidence—defend-

---

* No appeal lies from the denial of a motion for reargument (*see Hoover v State of New York*, 80 AD3d 1020, 1020 [2011]).

ants had produced it during plaintiff's March 2011 deposition and questioned him about it extensively. Nor was any justifiable excuse revealed for the failure to obtain a certified copy of this document until after the summary judgment order was rendered (*see* CPLR 2221 [e]; *2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1396 [2009], *lv denied* 14 NY3d 706 [2010]; *Johnson v Title N., Inc.*, 31 AD3d 1071, 1072 [2006]; *Greater Amsterdam School Dist. v International Fid. Ins. Co.*, 285 AD2d 944, 945 [2001]).

Mercure, J.P., Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the orders are affirmed, with costs.