*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 31, 2016                    520317
_____

NY PROFESSIONAL DRYWALL OF OC,
    INC.,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

RIVERGATE DEVELOPMENT, LLC,
    et al.,
                        Respondents,
                        et al.,
                        Defendants.

(And a Third-Party Action.)
_____

Calendar Date:  February 8, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Devine and Clark, JJ.

_____

        Marco & Sitaris, PLLC, New York City (George Sitaris of counsel), for appellant.

        McNamee, Lochner, Titus & Williams, PC, Albany (Scott C. Paton of counsel), for respondents.

_____

Egan Jr., J.

        Appeal from an order of the Supreme Court (Gilpatric, J.), entered December 5, 2014 in Ulster County, which granted a motion by certain defendants for, among other things, summary judgment dismissing the complaint against them.

This dispute, which previously has been before us (100 AD3d 216 [2012]), involves a mechanic's lien filed regarding drywall work at a newly constructed senior housing project. In November 2008, plaintiff subcontracted with defendant Rivergate Development, LLC, the general contractor on the project, to install drywall for $190,000. Rivergate terminated plaintiff in December 2008 as a result of a small fire and a separate sprinkler activation at the work site that allegedly were caused by plaintiff. However, Rivergate reportedly was under intense pressure to complete the project and sought plaintiff's advice to quickly find another drywall contractor to finish the work. Plaintiff allegedly referred Rivergate to Mid Hudson Drywall Co., which actually was plaintiff doing business under an assumed name. Although sharply contested, plaintiff contends that Rivergate's project director asked plaintiff to continue the work and that Rivergate was aware that Mid Hudson was, in fact, simply plaintiff operating under a pseudonym. Plaintiff notified Rivergate that it would pay Mid Hudson, and it submitted bills to Rivergate for the remaining work.

In January 2009, Rivergate paid plaintiff $94,330.55 for work it had completed before being removed from the project. Although plaintiff initially signed a final lien release, later that same day, the lien release was amended by Rivergate to a partial release. Plaintiff sought further compensation for work it allegedly completed either directly or as Mid Hudson and, claiming that it had been paid only $94,330.55 of the over $200,000 owed to it pursuant to the contract and approved change orders, plaintiff filed a mechanic's lien for $137,531.39. This action ensued with plaintiff alleging, among other things, breach of contract and seeking foreclosure of its lien. Rivergate, defendant Birches at Esopus Senior Housing, L.P. and other related entities and/or individuals (hereinafter collectively referred to as defendants), among others, asserted numerous counterclaims, including claims for damages purportedly caused by the fire and sprinkler activation at the project and to vacate the lien as willfully exaggerated. After considerable delay occasioned by various prior motions, the earlier appeal and discovery, defendants made the current summary judgment motion to, among other things, discharge the mechanic's lien as willfully exaggerated and dismiss plaintiff's breach of contract

claim.  Supreme Court granted such relief to defendants, and plaintiff now appeals.

A willfully exaggerated lien is void, and the owner or contractor may be entitled to damages from the lienor (see Lien Law §§ 39, 39-a; Pyramid Champlain Co. v Brosseau & Co., 267 AD2d 539, 542-543 [1999], lv denied 94 NY2d 760 [2000]).  The remedy is harsh (see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1223 [2010]), and "the issue of willful and/or fraudulent exaggeration is . . . one which ordinarily must be determined at . . . trial" (Coppola Gen. Contr. Corp. v Noble House Constr. of N.Y., 224 AD2d 856, 857 [1996]; see Washington 1993 v Reles, 255 AD2d 745, 747 [1998]).  Where, as here, the relief is sought via summary judgment, the proponent of such relief has the initial burden to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Creech v Rufa, 101 AD3d 1224, 1226 [2012]; L & W Supply Corp. v A.D.F. Drywall, Inc., 55 AD3d 1026, 1027 [2008]).

Although defendants submitted proof that plaintiff acted in a deceitful manner, defendants' submissions also included testimony from various officers and employees of plaintiff (and Mid Hudson) indicating that the project manager at Rivergate was aware of, and even encouraged, plaintiff's conduct in order to keep the project on schedule.  For example, there was testimony that the project manager instructed plaintiff to continue to work despite the termination letter, asked plaintiff to simply use unmarked vehicles at the work site and indicated that plaintiff could work under a different name.  To be sure, the project manager denies such conduct, and the testimony of plaintiff's officers is not without considerable inconsistencies.  This conflicting proof, however, raises credibility issues that should be determined by the finder of fact at trial (see e.g. Karl v Terbush, 63 AD3d 1359, 1360 [2009]; Pronti v Belletti, 49 AD3d 1075, 1075 [2008]).  Further, there is a genuine dispute regarding the work done by plaintiff under the contract, including whether change orders were approved, whether plaintiff caused damages at the work site that could serve as an offset and

whether any additional amounts are due for drywall work.  Viewing the evidence in the light most favorable to plaintiff as the party opposing summary judgment (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), defendants failed to demonstrate the absence of material factual issues regarding their counterclaim of willful exaggeration and plaintiff's claim of breach of contract.  Accordingly, summary judgment was not appropriate.  The remaining issues raised by plaintiff are academic.

McCarthy, J.P., Rose, Devine and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, with costs, and motion denied.




ENTER:


Robert D. Mayberger
Clerk of the Court