NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC (2019 NY Slip Op 00339)





NY Professional Drywall of OC, Inc. v Rivergate Dev., LLC


2019 NY Slip Op 00339


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526443

[*1]NY PROFESSIONAL DRYWALL OF OC, INC., Respondent,
v
RIVERGATE DEVELOPMENT, LLC, et al., Appellants, et al., Defendants. (And a Third-Party Action.)

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Powers & Santola, LLP, Albany (Michael J. Hutter of counsel), for appellants.
Marco & Sitaras, PLLC, New York City (Adama V. Sirleaf of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Supreme Court (Cahill, J.), entered May 11, 2017 in Ulster County, which, among other things, granted plaintiff's motion to restore a mechanic's lien.
The facts are set forth in our prior decision involving these parties (137 AD3d 1509 [2016]). Briefly, plaintiff subcontracted with defendant Rivergate Development, LLC to install drywall in connection with a construction project of which Rivergate was the general contractor. Rivergate, however, subsequently terminated plaintiff from the project. Plaintiff claimed that it was owed money for work that it had completed and filed a mechanic's lien for $137,531.39 with the Ulster County Clerk. Plaintiff then commenced this action seeking, among other things, to foreclose on its lien. Rivergate, defendant Birches at Esopus Senior Housing, L.P. and other related entities and/or individuals (hereinafter collectively referred to as defendants) answered and asserted various counterclaims. Defendants thereafter moved for summary judgment seeking, among other things, a discharge of the mechanic's lien on the basis that it had been willfully exaggerated. In a December 2014 order, Supreme Court (Gilpatric, J.) concluded that plaintiff had committed a fraud and discharged the lien. Following this order, trials were scheduled to assess, among other things, the damages resulting from the willful exaggeration of the lien and to resolve the remaining issues in the action.
While plaintiff's appeal from the December 2014 order was pending, the parties entered into a settlement agreement. According to such agreement, if defendants prevailed on the appeal or if the appeal were to be dismissed or abandoned, the sum of $425,000 would become immediately due to defendants. If plaintiff prevailed on the appeal, all remaining issues would be resolved through arbitration. In March 2016, this Court reversed Supreme Court's December [*2]2014 order, finding, among other things, that questions of fact existed as to whether there was a willful exaggeration of the mechanic's lien (id. at 1511).
Plaintiff subsequently contacted the Ulster County Clerk's office to inquire as to whether its mechanic's lien had been reinstated, but was informed that a court order was required to reinstate the lien. Plaintiff then moved for an order to reinstate the mechanic's lien. Defendants opposed and, among other things, cross-moved for summary judgment for liquated damages in the amount of $425,000, arguing that plaintiff breached the settlement agreement. Supreme Court (Cahill, J.), among other things, granted plaintiff's motion and denied defendants' cross motion. Defendants now appeal.[FN1]
We find that Supreme Court correctly granted plaintiff's motion to reinstate the mechanic's lien. The mechanic's lien was originally discharged upon Supreme Court's December 2014 order granting defendants' motion for summary judgment. In view of our decision reversing the December 2014 order, plaintiff was entitled to have the mechanic's lien reinstated. Contrary to defendants' assertion, such relief was not foreclosed by the parties' settlement agreement. Furthermore, the reinstatement of the mechanic's lien under the circumstances of this case does not render it untimely under Lien Law § 10 (1) given that it is undisputed that the lien was timely when originally filed (see generally Tupper Lake Nat. Bank v Magedson, 187 AD2d 147, 149 [1993]).
Garry, P.J., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Defendants failed to raise any argument regarding the denial of their cross motion for summary judgment and, therefore, abandoned any issue with respect thereto (see Stephenson v Allstate Indem. Co., 160 AD3d 1274, 1274 n 2 [2018], lv denied 32 NY3d 904 [2018]).