Thorobird Grand LLC v M. Melnick & Co., Inc. (2024 NY Slip Op 06284)

Thorobird Grand LLC v M. Melnick & Co., Inc.

2024 NY Slip Op 06284

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Webber, J.P., Oing, Kapnick, Kennedy, JJ. 

Index No. 816972/22 Appeal No. 2950 Case No. 2023-05190 

[*1]Thorobird Grand LLC, et al., Plaintiffs-Respondents-Appellants,
v
M. Melnick & Co., Inc., Defendant, Federal Insurance Company, Defendant-Appellant-Respondent, Bayport Construction Corp. et al., Additional Counterclaim Defendants.

Chiesa Shahinian & Giantomasi PC, New York (Brian H. Fischkin of counsel), for appellant-respondent.
Sheppard, Mullin, Richter & Hampton LLP, New York (Ira M. Schulman and Cesar Perier of counsel), for respondent-appellant.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about August 30, 2023, which granted plaintiffs' motion for summary judgment on their twelfth cause of action for willful exaggeration of mechanic's liens against defendant surety Federal Insurance Company (Federal) to the extent that it found Federal's liens invalid and discharged them but denied damages under Lien Law § 39-a, unanimously affirmed, without costs.
Supreme Court properly granted plaintiffs' motion for summary judgment finding that plaintiffs demonstrated as a matter of law that Federal was not a contractor under Lien Law § 2 (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]) and therefore its liens were invalid.
By agreement dated September 28, 2017 (construction contract), plaintiffs hired defendant M. Melnick & Co., Inc. as their general contractor for certain projects. In connection with the parties' agreement, plaintiffs, Melnick, and Federal, as Melnick's surety, executed a payment bond in the contract amount related to the payment of subcontractors.
The parties also executed a second bond (performance bond), again with Federal acting as Melnick's surety, under which Melnick and Federal "b[ou]nd themselves . . . to the [plaintiffs] for the performance of the Construction Contract." Plaintiffs ultimately terminated Melnick's employment. In June 2017, plaintiffs notified Federal that they had formally terminated Melnick's right to complete the projects. In October 2019, plaintiffs, Melnick, and Federal entered into a takeover agreement. Thereafter, in spite of Melnick's termination, which triggered Federal's performance bond obligations, Federal retained Melnick to complete the project.
Plaintiffs commenced this action in 2022, asserting breach of contract claims against Melnick arising from its performance of the work, and a breach of contract claim against Federal arising from its performance bond and takeover agreement obligations.
Thereafter, in December, Federal filed three liens with the Bronx County Clerk for unpaid work it "actually performed . . . for and used in the improvement of the real property." Melnick filed its own liens on the projects in November 2022.
On January 5, 2023, Federal answered and imposed counterclaims against plaintiffs and several "additional counterclaim defendants" for breach of contract based on plaintiffs' failure to pay, quantum meruit, unjust enrichment, declaratory relief regarding continuing contractual obligations, and lien foreclosures.
In January 2023, plaintiffs filed an amended complaint adding, among other things, their twelfth cause of action claiming willful exaggeration of liens.
Plaintiffs moved for partial summary judgment on their willful exaggeration claim, requesting that the court discharge Federal's liens, enter judgment of $3,546,694.30 against Federal, and award reasonable attorneys' fees in connection with discharging the liens. Plaintiffs argued that sureties have no right to [*2]file mechanic's liens; Federal was a surety under the unambiguous terms of the payment and performance bonds and the takeover agreement; Federal's liens were willfully exaggerated as a matter of law since it had no right to file them; Federal's liens should be deemed void; and plaintiffs were entitled to damages.
In opposition, Federal argued, among other things, that it qualified as a contractor with standing to file liens; it did not waive lien rights by contract; and granting plaintiffs' motion would effectively nullify subcontractors' liens.
Supreme Court granted plaintiffs' motion in part, finding Federal's liens invalid and discharging them. The court found that based on the clear and unambiguous terms of the takeover agreement, the parties intended Federal to retain its status as a surety and not be considered a contractor. The court declined to grant damages to plaintiffs under Lien Law § 39-a.
We agree with Supreme Court that the takeover agreement is clear and unambiguous that the parties intended Federal to remain a surety and not be deemed a contractor. It states, in pertinent part, "[a]s completing surety and not as a contractor to the Owner, Federal agrees to arrange for the performance and completion of the Work required of Melnick" under the terms of the construction contract and performance bond. It further states, "Federal has entered into this Agreement in order to discharge obligations to the Owner under the Performance Bond," so "any Work performed by Federal . . . is, therefore, being performed by Federal as a completing surety and not as a contractor of the Owner." Our reasoning is underscored by the fact that Federal retained Melnick to continue working on the project.
As for damages, Supreme Court properly denied that portion of plaintiffs' motion. Damages under Lien Law § 39-a are unavailable where, as here, the lien has been discharged for reasons other than willful exaggeration (see Degraw Constr. Group, Inc. v McGowan Bldrs., Inc., 178 AD3d 770, 771-772 [2d Dept 2019]; Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1223 [3d Dept 2010]).
We have considered the parties' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024