■ RITASA FREIGHT SERVICES, INC., et. al., Respondents, v FRANCESCO ZUCCHI et al., Appellants, et al., Defendants.— Order, Supreme Court, New York County (Andrew Tyler, J.), entered July 14, 1989, insofar as it denied the motion by defendants Zucchi, Maini, Teleky, Fulltrans U.S.A., B.M.Z. International and Cortese to dismiss the first, third, fourth, fifth, sixth and seventh causes of action in the amended complaint for insufficient particularity of pleading, unanimously affirmed, without costs.

The causes of action at issue meet the pleading requirements of CPLR 3013 and 3016 (b) with regard to specificity. The 45-page amended complaint contains sufficient detail to apprise defendants of the substance of the claims *(Limmer v Medallion Group,* 75 AD2d 299), and affords sufficient notice

thereof *(Foley v D'Agostino,* 21 AD2d 60). The amended complaint meets the requirement that the misconduct complained of be set forth in sufficient detail to inform the defendant as to the incidents complained of *(Lanzi v Brooks,* 43 NY2d 778), even where detailed circumstances constituting the alleged fraud are yet unknown because they are peculiarly within the knowledge of the defendant parties *(Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187). The allegations that corporate officers set up a rival organization, resigned en masse, utilized the rival corporation for direct competition against their former employer, and disparaged plaintiffs' reputation in the business community in the process, all sufficiently state a valid cause of action for the various forms of relief sought in the amended complaint. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.