■ BANNER INDUSTRIES, INC., Appellant-Respondent, v BERNARD L. SCHWARTZ et al., Respondents-Appellants.—Order of the Supreme Court, New York County (Carol Arber, J.), entered February 1, 1990, which granted defendants' motion to dismiss plaintiff's second and third causes of action alleging fraud (CPLR 3211 [a] [7]), unanimously reversed, on the law, without costs, and the second and third causes of action reinstated.

In dispute on this appeal is the outcome of an auction in which the losing bid, submitted by plaintiff, exceeded the winning bid, submitted by defendant Opus Acquisition Corporation ("Opus"), by $12 million. The complaint states causes of action for breach of a duty to conduct a fair auction, fraud in inducing plaintiff to participate in the auction and fraud in providing incomplete and misleading information upon which plaintiff based its bid. The complaint seeks damages (denominated a fourth cause of action) for lost profits, the costs of participating in the auction and punitive damages.

This controversy arises out of the sale of two divisions of defendant Loral Corporation to Opus, which is described in the complaint as a closely held corporation created and controlled by defendant Bernard L. Schwartz, Chairman of the Board and Chief Executive Officer of Loral, for the sole purpose of acquiring Loral's aircraft braking systems and engineered fabrics divisions. Plaintiff, which had previously expressed a desire to purchase the two divisions, contacted Loral upon learning of the proposed sale in the financial press. Loral thereupon proposed to hold an auction for the divisions, the bids to be submitted to a committee comprised of purportedly independent directors of Loral. Opus submitted a

bid of $455 million which was accepted by the committee on April 26, 1989. Plaintiff, the only other bidder, had submitted a bid of $467 million which, it informed Loral, it was willing to increase if meetings with division executives indicated that the divisions were worth more. However, plaintiff was not afforded the opportunity to meet with anyone at either division, and the sale from Loral to Opus was closed within 24 hours after the submission of bids. The explanation for this result offered by Loral is that a March, 1989 contract with Opus provides that Loral pay Opus $17 million in the event the two divisions were sold to a buyer other than Opus.

In its second cause of action, plaintiff alleges that Loral, acting through its counsel, represented to plaintiff that it would be given a fair opportunity to bid without favoritism and that plaintiff was induced to participate in the auction by assurances that it would be conducted in a fair, open and impartial manner. Plaintiff alleges that these representations were intentionally false and, in reliance thereon, it proceeded with the auction at great expense. Plaintiff asserts that Loral and the other defendants intended merely to create the appearance of an honest auction while engineering the sale of the two divisions to Opus.

In the third cause of action, plaintiff alleges that defendants, acting through Schwartz and legal counsel, arranged for material information to be withheld from or misrepresented to plaintiff. The misrepresented information concerned the aircraft braking systems division and allegedly misled plaintiff into submitting too low a bid, as a result of which plaintiff was prevented from acquiring the two divisions.

The causes of action sounding in fraud meet the pleading requirements of CPLR 3013 and 3016 (b) with regard to specificity (*Ritasa Frgt. Servs. v Zucchi,* 161 AD2d 187), and Supreme Court erred when it determined that the elements of fraud were pleaded in insufficient detail. While CPLR 3016 (b) requires that "the circumstances constituting the wrong shall be stated in detail", the Court of Appeals has acknowledged that it is virtually impossible to do so where the facts surrounding the fraud are peculiarly within the knowledge of the other party (*Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). Under the circumstances, plaintiff's allegations are sufficient to state a cause of action in fraud, and plaintiff should be afforded an opportunity to prove its allegations at trial. Concur—Rosenberger, J. P., Ellerin, Wallach, Smith and Rubin, JJ.