■ UNITED STATES TRUST COMPANY OF NEW YORK, Respondent, v GILL & DUFFUS, INC., et al., Appellants.—Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 22, 1991, which denied defendants' motion to dismiss the complaint, and granted plaintiff's cross motion to consolidate the action entitled *Gill & Duffus v United States Trust Co.* with this action, unanimously affirmed, with costs.

The pertinent causes of action (second through fifth) to which defendants'. motion is addressed allege fraudulent conveyances of the assets of the defendant Gill & Duffus ("tenant") who is the subtenant of plaintiff landlord under a long-term unexpired lease. The documentary evidence adduced here is tenant's *unaudited* "Statement of Financial Liabilities" ("Statement").

"In order to prevail on a defense founded on documentary evidence, the document relied upon must definitively dispose of the plaintiff's claim." *(Greenwood Packing Corp. v Associated Tel. Design,* 140 AD2d 303, 305.) Here, defendants do not dispute plaintiff's allegation that the assets of the tenant were acquired by one or more of the other defendants, or that when the tenant and its wholly owned subsidiary, defendant Gill & Duffus Futures, withdrew from the futures trading market in or around 1988 and 1990, respectively, their assets were absorbed into one or more of the other defendants, some of

which are located in the United Kingdom. Under such circumstances, the bare Statement submitted by defendants in support of their motion pursuant to CPLR 3211 (a) (1) is hardly dispositive of the issues. The Statement shows only $183,000 in cash, well under the amounts demanded in the complaint, and while it lists $3,814,000 in accounts receivable from trade "affiliates", there are no supporting documents on which to evaluate the collectability of these receivables and any offsets. In addition, while there are "other assets" totalling $574,000, there is nothing to indicate what those assets are, their liquidity and whether they are subject to any liens. The mere fact that assets appear on a statement does not prove that they are available to satisfy plaintiff's claims.

So much of defendants' appeal as relates to the "manner" in which the actions were consolidated is rendered academic by the order dated August 11, 1992, of which this Court takes judicial notice, granting plaintiff summary judgment in the action commenced by the tenant. Concur—Sullivan, J. P., Milonas, Ellerin and Wallach, JJ.