■ ROGER LAVIALE, LTD., Respondent, v INTER-MARITIME FORWARDING CO., INC., et al., Appellants. [609 NYS2d 770] — Order, Supreme Court, New York County (William Davis, J.), entered December 29, 1992, which denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

The invoices relied on by defendants do not definitively support their contention (see, United States Trust Co. v Gill & Duffus, 189 AD2d 655) that any price could be charged for the insurance that was procured for plaintiff, or definitively negate plaintiff's concealment and breach of trust claims. In addition, the causes of action sounding in fraud meet the pleading specificity requirements of CPLR 3016 (b), and plaintiff should be afforded an opportunity to prove its allegations at trial (see, Banner Indus. v Schwartz, 181 AD2d 479).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.

■ WILLIAM GRACE, Appellant-Respondent, v JAMES ORTEN-ZIO, Respondent-Appellant. [609 NYS2d 769] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered December 30, 1992, which denied plaintiff's motion for summary judgment in an action brought to recover a down payment on a cancelled contract for the sale of real property, and which denied defendant's cross-motion for summary judgment on his counterclaims for breach of contract and fraudulent inducement, unanimously affirmed, without costs.

Contrary to the contentions of both parties, the court properly determined that issues of fact exist as to whether plaintiff fulfilled a condition of the contract requiring him to make a good faith effort to obtain a permit from the building department to convert the premises to exclusive medical use, and thus appropriately denied summary judgment on both the motion and cross-motion (see, Zuckerman v City of New York, 49 NY2d 557, 562). Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.