■ BRUNO MAZZA, as Executor of JAMES B. SCHEMBRI, Deceased, Appellant, v FLEET BANK et al., Defendants, and JUDY BACKNER, Respondent. [790 NYS2d 730]—

Kane, J. Appeal from a judgment and order of the Supreme Court (Mulvey, J.), entered December 30, 2003 in Tompkins County, upon a decision of the court in favor of defendant Judy Backner.

In January 1999, defendant Judy Backner (hereinafter defendant) began working for decedent as a home health aide. In April 1999, decedent discontinued his account with a payroll company and terminated the woman who handled his finances, instead utilizing defendant to balance his accounts and write his checks for all purposes, including paying his home health aides. Defendant continued to assist decedent in this manner until shortly before his death in September 1999. At the time of his death, decedent was 97 years old, bedridden, nearly blind, hard of hearing and required round-the-clock assistance in performing normal daily functions.

Around the time of decedent's death, discrepancies arose between the amounts on checks that were written by defendant against what was recorded in the check registry. As a result of these discrepancies, plaintiff commenced this action against defendant and others alleging fraud, constructive fraud and conversion. After a nonjury trial, Supreme Court dismissed the action against defendant. Plaintiff appeals.*

Under the doctrine of constructive fraud, where a fiduciary relationship existed between two parties such that they were dealing on unequal terms due to one party's weakness, dependence or trust justifiably reposed upon the other and unfair advantage is rendered probable, " 'the burden is shifted, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood' " (*Matter of Gordon v Bialystoker Ctr. & Bikur Cholim*, 45 NY2d 692, 699 [1978], quoting *Cowee v Cornell*, 75 NY 91, 99-100 [1878]; *see Matter of Mazak*, 288 AD2d 682, 684 [2001]). Based on decedent's age, his physical condition and defendant's admitted position of trust regarding his care and finances, a fiduciary relationship existed which shifted the burden to defendant to come forward with clear proof that there was no fraud, deception or undue influence (*see Matter of Gordon v Bialystoker Ctr. & Bikur Cholim, supra* at 699; *Matter of Mazak, supra* at 684; *Matter of Connelly*, 193 AD2d 602, 603 [1993], *lv denied* 82 NY2d 656 [1993]).

On review of a nonjury trial, this Court independently assesses the weight of the evidence and grants judgment warranted by the record, giving due deference to the trial court's determinations of witness credibility unless such findings are contrary to a fair interpretation of the evidence (*see Amodeo v Town of Marlborough*, 307 AD2d 507, 508-509 [2003]; *Riggs v*

---

* On appeal, plaintiff concedes that no cause of action lies for actual fraud.

*Benning*, 290 AD2d 716, 717 [2002]). Defendant testified that she was being paid $10 per hour for her services, the checks she received constituted payment for the number of hours she worked, decedent sometimes asked her to add hundreds of dollars to check amounts after the checks were written so he could have cash around the house, all checks were fully completed before decedent signed them, and decedent maintained two sets of check registers, one accurate set and one which was set out in the open, had no running total and listed false amounts for "nosey" people to see if they attempted to snoop into his finances. She admitted that she did not claim payments she received from decedent on her income taxes. Defendant did not produce any physical evidence to support her claim, including records of hours she worked or the accurate check registers. Her testimony was supported only by the testimony of two coworkers, one of whom cashed several altered checks defendant made out to cash. Plaintiff's main witness testified that he searched the house immediately after decedent's death and did not discover old bank statements, accurate check registers or logs or records of hours worked by the home health aides.

Defendant's evidence was insufficient and generally incredible. Despite Supreme Court's finding to the contrary, we find that defendant's testimony regarding her customary manner of writing checks is belied by the checks themselves, many of which were originally written in such a way as to permit the later addition of words and numbers increasing the amount of the checks by hundreds of dollars. Based on this Court's assessment of the evidence, defendant failed to sustain her burden of showing that no deception, undue influence or fraud was perpetrated upon decedent.

Having found that defendant failed to meet her burden, we then must calculate plaintiff's damages. Plaintiff produced the admittedly inaccurate registers and numerous checks from two bank accounts. After totaling the amounts on checks written by defendant—either to herself, to her coworkers or to cash—which appear to have been altered, then subtracting the amounts which presumably appeared on the checks when decedent signed them, we arrive at a difference of $21,599.80. That amount constitutes plaintiff's damages as a result of defendant's constructive fraud perpetrated upon decedent.

Cardona, P.J., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment and order is reversed, on the law and the facts, with costs, and judgment awarded to plaintiff in the amount of $21,599.80, plus interest.