■ Susan Lax et al., Appellants, v Design Quest N.Y. Ltd. et al., Respondents. [955 NYS2d 34]—

Given that plaintiffs' alleged oral contract was formed after execution of the parties' written agreement, it did not fall within the parol evidence rule (*see Marine Midland Bank-S. v Thurlow*, 53 NY2d 381, 387 [1981]). Nor was it barred as an oral modification to the parties' contract, as that contract contained no clause prohibiting oral modification (*see* General Obligations Law § 15-301). Nor was dismissal supported by the documentary evidence. Defendants produced a work permit submitted by one "DL Restoration" indicating it was doing renovation work at plaintiffs' premises. However, even if DL Restoration was performing that work, it does not dispositively preclude that they also performed the additional construction and renovation work at issue (*see United States Trust Co. of N.Y. v Gill & Duffus*, 189 AD2d 655 [1st Dept 1993]).

Plaintiffs' fraud in the inducement claim was based on the alleged misrepresentation by defendants of their expertise and licensing. This claim was properly dismissed as duplicative of the breach of contract claims that alleged defective and deficient work (*see Nastro Contr. v Agusta*, 217 AD2d 874, 875 [3d Dept 1995]).

Plaintiffs' claim that defendants used the contract as a cover for a fraudulent billing scheme states a fraud claim separate from the contract claim (*see e.g. Mitchell Maxwell & Jackson, Inc. v US Realty & Inv. Co.*, 2010 NY Slip Op 31901[U] [Sup Ct, NY County 2010]). However, plaintiffs fail to specify which invoices are inflated. Therefore, the claim lacks the particularity required by CPLR 3016 (*cf. MBIA Ins. Corp. v Countrywide Home Loans, Inc.*, 87 AD3d 287 [1st Dept 2011]). However, plaintiffs should be given leave to replead this part of their complaint, since the claim is otherwise meritorious on its face.

Finally, plaintiffs' allegations of a run-of-the-mill commercial dispute, involving only these parties, does not rise to the standard necessary to recover punitive damage (*see Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994]). Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.