■ VERMONT MUTUAL INSURANCE COMPANY, Appellant, v McCABE & MACK, LLP, et al., Respondents. [964 NYS2d 160]—

In an action to recover damages for legal malpractice, breach of contract, negligent supervision, and fraud, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated November 29, 2011, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging breach of contract, negligent supervision, and fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages arising from the defendants' legal representation of it in an underlying subrogation action. In its complaint, the plaintiff alleged that the defendants committed legal malpractice in failing to timely pursue a default judgment against the defendants in the underlying subrogation action. The plaintiff also interposed separate causes of action alleging breach of contract, negligent supervision, and fraud. With regard to the fraud causes of action, the plaintiff alleged that the defendants committed fraud by misrepresenting that they "made a motion for a default judgment" when they "never made, filed, or drafted" such a motion, and that they billed the plaintiff for drafting the motion. The plaintiff sought damages in the sum of $216,632.25, the same sum sought in the causes of action alleging legal malpractice, in addition to "additional damages, separate and distinct from the underlying malpractice."

After issue had been joined, but prior to the completion of discovery, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (7), to dismiss the causes of action alleging breach of contract, negligent supervision, and fraud on the basis that they were "duplicative and redundant" of the causes of action alleging legal malpractice or, in the alternative, to dismiss the causes of action alleging fraud on the basis that the plaintiff failed to assert facts upon which a viable fraud claim could be sustained. The Supreme Court granted those branches of the motion which were to dismiss the causes of action alleging breach of contract and negligent supervision as duplicative of the causes of action alleging legal malpractice. The court also granted that branch of the motion which was to dismiss the causes of action alleging

fraud; however, the court did so solely on the basis of the defendants' representation to the court that all sums billed to the plaintiff for the drafting of the motion for a default judgment in the underlying subrogation action had been "written off," and the plaintiff never paid the defendants for those services.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (*Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokol v Leader*, 74 AD3d at 1181 [internal quotation marks omitted]). " 'Whether a plaintiff can ultimately establish its allegations is not part of the calculus' " (*id.* at 1181, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11 [2005]).

The Supreme Court properly determined that the causes of action alleging breach of contract and negligent supervision were subject to dismissal. The defendants established that these causes of action arise from the same facts as the causes of action alleging legal malpractice and do not allege distinct damages. Thus, they are duplicative of the causes of action alleging legal malpractice (*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749 [2011]; *Sitar v Sitar*, 50 AD3d 667 [2008]; *Shivers v Siegel*, 11 AD3d 447 [2004]; *Malarkey v Piel*, 7 AD3d 681 [2004]; *Mecca v Shang*, 258 AD2d 569 [1999]).

However, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the causes of action alleging fraud. "To properly plead a cause of action to recover damages for fraud, the plaintiff must allege that (1) the defendant made a false representation of fact, (2) the defendant had knowledge of the falsity, (3) the misrepresentation was made in order to induce the plaintiff's reliance, (4) there was justifiable reliance on the part of the plaintiff, and (5) the plaintiff was injured by the reliance" (*Pace v Raisman & Assoc., Esqs., LLP*, 95 AD3d 1185, 1188-1189 [2012]; *see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553 [2009]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]). Here, the complaint alleged that the defendants committed fraud by misrepresenting that they "made a motion for a default judgment" when they "never made, filed, or drafted" such a motion, that the plaintiff relied on the misrepresentation, and that the defendants billed the plaintiff for

drafting the motion. Those allegations were sufficient to state a cause of action to recover damages for fraud (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 853 [2012]).

The defendants' alternate ground for dismissal of the causes of action alleging fraud, that those claims were duplicative of the causes of action alleging legal malpractice (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]), is without merit. The evidence submitted by the defendants does not establish that the plaintiff sustained no other damages, separate and apart from those sought as a result of the alleged legal malpractice, as a result of the defendants' alleged fraudulent conduct (*see Guggenheimer v Ginzburg*, 43 NY2d at 274-275; *East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122 [2009], *affd* 16 NY3d 775 [2011]; *Fleming v Kamden Props., LLC*, 41 AD3d 781 [2007]). Where, as here, tortious conduct independent of the alleged malpractice is alleged, a motion to dismiss a cause of action as duplicative is properly denied (*see Lax v Design Quest N.Y. Ltd.*, 101 AD3d 431 [2012]; *Rupolo v Fish*, 87 AD3d 684, 686 [2011]).

Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the causes of action alleging fraud. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.