*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 7, 2016                    521627
_____

J. TRIPLE S., INC.,

      Respondent,

  v                                            MEMORANDUM AND ORDER

AERO STAR PETROLEUM, INC.,

      Appellant.
_____

Calendar Date:  May 27, 2016

Before:  McCarthy, J.P., Rose, Devine, Clark and Aarons, JJ.

_____

  Rosenblum & Lamb, Saugerties (Dennis B. Schlenker, Albany, of counsel), for appellant.

  Hodgson Russ LLP, Albany (Richard L. Weisz of counsel), for respondent.

_____

Devine, J.

  Appeal from an order of the Supreme Court (Tailleur, J.), entered June 15, 2015 in Greene County, upon a decision of the court in favor of plaintiff.

  Plaintiff is the owner of a gas station and, in 2006, entered into a motor fuel supply agreement with defendant's predecessor-in-interest.  The agreement was to automatically renew on December 1, 2013 for an additional five years unless one of the parties gave prior "notice to the other . . . by certified mail of their intention not to renew."  Plaintiff did not give that notice but, in August 2014, nevertheless advised defendant that it was switching to another fuel supplier.  Defendant informed plaintiff that their supply agreement remained in effect, prompting plaintiff to commence this declaratory judgment

action and argue that it had given oral notice of nonrenewal and that the parties' interactions rendered that notice sufficient. Supreme Court conducted a nonjury trial and determined that, as is relevant here, the parties had orally modified the supply agreement and, having performed on those modifications, plaintiff had provided valid oral notice of nonrenewal. Supreme Court accordingly ordered that defendant cease its fuel deliveries to plaintiff and refrain from interfering with deliveries made to plaintiff by another fuel supplier. Defendant now appeals.

Plaintiff's president, Justin Slater, testified that plaintiff did not give timely written notice of nonrenewal as required by the supply agreement. Plaintiff instead argues that the parties entered into a valid oral agreement to allow the supply agreement to lapse in 2013, then continue the sales arrangement for several months after. Plaintiff's argument is complicated by the fact that the supply agreement provides that "no amendment, change or variance from [its terms] is binding on either party unless agreed in writing by" plaintiff and defendant. As a general rule, "in the absence of such a writing, any alleged oral modification to the [nonrenewal] provision, in light of the contractual proscription against oral modification contained in the parties' written agreement[], is barred by" General Obligations Law § 15-301 (1) (#1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 910 [2008]; see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 425 [2013]; Rose v Spa Realty Assoc., 42 NY2d 338, 343 [1977]). Therefore, if an oral modification has not "been acted upon to completion" in a manner that "demonstrate[s], objectively, the nature and extent of the modification" (Rose v Spa Realty Assoc., 42 NY2d at 343), it will be enforceable only upon a showing "of either partial performance . . ., which must be unequivocally referable to the oral modification, or equitable estoppel, based upon conduct which is not otherwise compatible with the agreement as written" (Phoenix Corp. v U.W. Marx, Inc., 64 AD3d 967, 968 [2009] [internal quotation marks, ellipses and citations omitted]; see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d at 425-426).

Turning to the trial testimony, several witnesses testified regarding the alleged oral modification and, contrary to

defendant's contention, such proof dealt with an "oral contract . . . formed after execution of the parties' written agreement" and was not barred by the parol evidence rule (Lax v Design Quest N.Y. Ltd., 101 AD3d 431, 431 [2012]; see Scott v KeyCorp, 247 AD2d 722, 725 n 2 [1998]).  In conducting our "independent assessment of the weight of the evidence supporting the judgment in a nonjury trial, we 'giv[e] due deference to the trial court's determinations of witness credibility unless such findings are contrary to a fair interpretation of the evidence'" (Lakshmi Grocery & Gas, Inc. v GRJH, Inc., 138 AD3d 1290, 1293 [2016], quoting Mazza v Fleet Bank, 16 AD3d 761, 762 [2005]).  After according deference to the findings of Supreme Court, which relied heavily upon the testimony of Slater and other proof presented by plaintiff, we nevertheless conclude from that proof that the purported oral modification to the sales agreement was unenforceable.

Slater is a college graduate who admitted to a full understanding of the sales agreement's terms, and he testified that the renewal issue was under discussion in October 2013.  He was concerned by the fact that, if plaintiff gave written notice of nonrenewal, defendant would be forced to reimburse the Citgo Petroleum Corporation for a portion of fuel discounts afforded under a separate agreement contemplating that plaintiff would operate a Citgo branded gas station into 2014.  Slater stated that he was unwilling to subject defendant to this penalty and broached the question with defendant's president, Tariq Gujar. Slater and Gujar then purportedly entered into an oral agreement in which the sales agreement would not be renewed, but its terms would be informally continued until the end of the penalty period.  The performance of the parties under that purported arrangement, in other words, was identical to that required under a renewed sales agreement.  It cannot, as a result, be said that "there was [any] performance on [plaintiff's] part that was unequivocally referable to the existence of an oral contract" (Di Siena v Di Siena, 266 AD2d 673, 675-676 [1999]; see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d at 426-427;

Phoenix Corp. v U.W. Marx, Inc., 64 AD3d at 969-970).[1]  Likewise,
inasmuch as the behavior of the parties was "compatible with the
agreement as written," and given the absence of written notice of
nonrenewal, there is no basis for estopping defendant from
relying upon the agreement as written (Rose v Spa Realty Assoc.,
42 NY2d at 344; accord Eujoy Realty Corp. v Van Wagner
Communications, LLC, 22 NY3d at 426).  Thus, we agree with
defendant that plaintiff is not entitled to the relief sought in
its complaint.

        McCarthy, J.P., Rose, Clark and Aarons, JJ., concur.

------

[1]  Slater also testified that plaintiff had orally agreed to
pay more for gasoline than was required by the sales agreement in
2012 and, while Gujar disagreed, even he seemed to admit that
delivery charges were set on a basis different from that
specified in the sales agreement.  What is absent, however, is
any indication that the price dispute was resolved as part of the
purported 2013 oral agreement to terminate the sales agreement
and informally continue its terms.  Slater's father testified to
the contrary, stating that, in October 2013, he and Slater were
told by Gujar that Gujar had made his "best offer" and that they
should "go look [someplace] else" if plaintiff did not wish to
renew the agreement subject to a price increase.  Plaintiff
thereafter chose not to give written notice of nonrenewal,
although Slater apparently continued to discuss pricing with
Gujar's brother.

ORDERED that the order is reversed, on the law, with costs, and complaint dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court