Del Gallo Country Pools, Inc. v Kulbako (2019 NY Slip Op 04800)





Del Gallo Country Pools, Inc. v Kulbako


2019 NY Slip Op 04800


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526692

[*1]DEL GALLO COUNTRY POOLS, INC., Respondent,
v
EDWARD KULBAKO et al., Appellants.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Adam G. Parisi, Schenectady, for appellants.
DeLorenzo, Grasso & Dalmata, LLP, Schenectady (Christopher R. Burke of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (Kramer, J.), entered April 18, 2018 in Schenectady County, which granted plaintiff's motion to dismiss defendants' sixth affirmative defense.
In April 2017, defendants entered into a written contract with plaintiff for the construction and installation of an in-ground swimming pool at defendants' residence, for a total contract price of $32,658. The terms of the contract included, among other things, a payment schedule, requiring defendants to pay $2,000 upon the signing of the contract, $15,000 upon delivery of materials, $11,000 upon bottom pour, $1,000 upon liner installation and $358 upon completion of the project [FN1]. Plaintiff thereafter completed construction of the pool without having received any payments from defendants pursuant to the contract's payment schedule. Plaintiff thereafter demanded payment in full; however, no payment was subsequently forthcoming.
In January 2018, plaintiff commenced this breach of contract action against defendants seeking a money judgment for the $32,658 cost incurred to construct and install the pool. Following service of the complaint, defendants' counsel sent plaintiff a letter, with an affixed invoice from Ed's Electrical Contracting, Inc. (hereinafter EEC), for whom defendant Edward Kulbako is the principal owner, demanding a $31,788.70 credit against the contract price for the pool based upon certain electrical contracting work that EEC allegedly performed at the residence of Michael Del Gallo and Erica Del Gallo [FN2] and at property owned by Francis Del Gallo and his wife. Defendants thereafter answered and asserted, as relevant here, a sixth affirmative defense alleging that the parties had orally agreed to modify the original contract to allow [*2]defendants to offset the expense of the pool by the cost incurred by EEC to perform electrical contracting work for the Del Gallos. Plaintiff moved to dismiss defendants' sixth affirmative defense and, following oral argument, Supreme Court granted the motion and dismissed same, determining that the parties' contract expressly prohibited oral modifications thereof. Defendants appeal.
We affirm. It is well settled that written contracts should be enforced according to their terms (see General Obligations Law § 15-301; MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]; Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster, 40 AD3d 1289, 1290 [2007]). The parties' contract expressly states that "[n]o waiver or modification shall be effective unless in writing." In turn, General Obligations Law § 15-301 (1), which governs the enforcement of such provisions, provides that where a contract contains a clause prohibiting oral modifications, "it cannot be changed orally, . . . [or] by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement . . . is sought" (see Rose v Spa Realty Assoc., 42 NY2d 338, 343 [1977]; J. Triple S., Inc. v Aero Star Petroleum, Inc., 141 AD3d 778, 779 [2016]; #1 Funding Ctr., Inc. v H & G Operating Corp., 48 AD3d 908, 910 [2008]). Here, following execution of the parties' original contract, no subsequent written agreement was entered into modifying the terms thereof.
We reject defendants' contention that, despite a statutory and contractual provision prohibiting oral modification of the contract, this Court should nevertheless find such provision inapplicable in the present matter because EEC fully performed the alleged oral modification. Where, as here, the parties dispute whether a subsequent oral agreement or modification was entered into, "it is the conduct of the party advocating for the oral agreement that is determinative, although the conduct of both parties may be relevant . . . because the equity doctrine is designed to prevent a party from inducing full or partial performance from another and then claiming the sanctuary of the statute of frauds or [General Obligations Law § 15-301] when suit is brought" (Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d 413, 426 [2015] [internal quotation marks and citations omitted]). Significantly, the alleged oral modification at issue concerned EEC, which is not a party to this action, performing electrical contracting work at properties owned by the Del Gallos in their individual capacities. Moreover, other than citing their admitted failure to make payments pursuant to the payment schedule set forth in the parties' contract and highlighting the close relationship between Francis Del Gallo, plaintiff's principal owner, and Michael Del Gallo and Erica Del Gallo, defendants have not demonstrated that plaintiff intended to modify or deviate from the original contract or otherwise induced EEC to perform on the unrelated electrical contracting agreement (see Phoenix Corp. v U.W. Marx, Inc., 64 AD3d 967, 969-970 [2009]). Under such circumstances, "General Obligations Law § 15-301 becomes meaningless if a [defendant's] nonpayment of [an invoice] required by a [written contract] is sufficient to prove an oral modification of payment terms, or estop [the plaintiff] from recovering the shortfall" (Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d at 427; cf. Joseph P. Day Realty Corp. v Lawrence Assoc., 270 AD2d 140, 142 [2000]).[FN3]
In that same vein, although clauses precluding the oral modification of a contract may be waived in some circumstances, contrary to defendants' contention, no such waiver occurred here, as plaintiff's failure to demand strict adherence to the payment schedule set forth in the contract did not establish an "indisputable mutual departure from the written agreement" (Charles T. Driscoll Masonry Restoration Co., Inc. v County of Ulster, 40 AD3d at 1291 [internal quotation marks and citation omitted]; see Rose v Spa Realty Assoc., 42 NY2d at 341). Notably, [*3]dismissal of defendants' sixth affirmative defense in no way hinders EEC or defendants from pursuing a separate action against the Del Gallos if they feel they have been aggrieved by the Del Gallos' failure to pay for the electrical contracting work allegedly performed on their behalf. Accordingly, under the circumstances, we find that Supreme Court properly dismissed defendants' sixth affirmative defense (see Eujoy Realty Corp. v Van Wagner Communications, LLC, 22 NY3d at 426-427).
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The parties also contracted for $3,300 for certain additional add-ons.

Footnote 2: Michael Del Gallo and Erica Del Gallo are the son and daughter-in-law of plaintiff's principal owner, Francis Del Gallo, as well as employees of plaintiff.

Footnote 3: To the extent that the parties' purported oral modification involved an alleged promise by EEC to pay for the debt of defendants, in the absence of beneficial consideration to EEC or an allegation that the parties intended for EEC to become primarily liable for such debt, we find that General Obligations Law § 5-701 (a) (2) also required such agreement to be in writing (see Saratoga Assoc. Landscape Architects, Architects, Engrs. & Planners, P.C. v Lauter Dev. Group, 77 AD3d 1219, 1222 [2010]).